MAC STEWART BELL, trustee,[1] *vs.* ZONING BOARD OF APPEALS
OF GLOUCESTER & another.[2]

Essex. February 5, 1999. - May 6, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Zoning,* Appeal, Parties, Person aggrieved, Low and moderate income hous-
ing. *Practice, Civil,* Zoning appeal, Standing, Motion to dismiss, Summary
judgment.

The same standing requirement for "persons aggrieved" applies to appeals
under G. L. c. 40A and G. L. c. 40B appeals. [553]
An abutter seeking to appeal the grant of a comprehensive permit to build low
income housing under G. L. c. 40B did not demonstrate that the proposed
project would impair any interests of the abutter, and a judge of the
Superior Court did not err in ruling that the abutter was not an aggrieved
person within the meaning of G. L. c. 40A, § 17, applicable to such ap-
peals. [553-554]
In the circumstances of a civil action, the judge acted within her discretion in
treating the defendant's Rule 12(b)(1) motion as a motion for summary
judgment. [555]

CIVIL ACTION commenced in the Superior Court Department on
September 13, 1996.

The case was heard by *Judith Fabricant,* J., on a motion for
summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*David A. Mills* for the plaintiff.

*Mary John Boylan* for the Gloucester Housing Authority.

*Suzanne P. Egan,* Assistant General Counsel, for the Zoning
Board of Appeals of Gloucester.

LYNCH, J. The defendant Gloucester Housing Authority
(authority) applied for a comprehensive permit to build low

---

[1] Of M-M Realty Trust.

[2] Gloucester Housing Authority.

income housing on its land under G. L. c. 40B, § 21.[3] The defendant zoning board of appeals of Gloucester (board) scheduled a public hearing on the authority's application. Because the public hearing did not occur within thirty days of the board's receipt of the application, as is required by G. L. c. 40B, § 21, the application was constructively approved.

Mac Stewart Bell, trustee of M-M Realty Trust (trustee), an abutter of the authority's land, appealed to the Superior Court asserting that, because the board failed to hold a public hearing, he was precluded from airing his opposition.

After the denial of their motions to dismiss and for summary judgment the authority and the board jointly moved to dismiss, asserting that the trustee lacked standing because he was not an "aggrieved person," which the statutes require as a prerequisite to appealing from a grant of a comprehensive permit.[4] The trustee again opposed the motion, claiming that, because his property abutted the proposed project site, he enjoyed a rebuttable presumption that he had standing as an "aggrieved" person.

The judge treated the motion as one for summary judgment and allowed the motion. She ruled that the defendants had successfully rebutted the trustee's presumptive standing because there was no evidence showing that the proposed project would affect any legally protected interests of the trustee.

On appeal the trustee argues that (1) the judge applied the wrong standing requirements; (2) even if the judge applied the correct rule, she incorrectly ruled that the trustee was not an "aggrieved" person under that standard; and that (3) the judge erred in treating the defendants' motion to dismiss under Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974), as a motion for summary judgment. We transferred the case to this court on our own motion. We now conclude that the judge's ruling was correct as to these claims and affirm the grant of summary judgment.

---

[3]General Laws c. 40B, § 21, provides in part: "Any public agency . . . proposing to build low or moderate income housing may submit to the board of appeals . . . a single application to build such housing . . . ."

[4]General Laws c. 40B, § 21, further provides in relevant. part: "Any person aggrieved by the issuance of a comprehensive permit or approval may appeal to the court as provided in section seventeen of chapter forty A."

General Laws c. 40A, § 17, in turn, provides: "Any person aggrieved by a decision of the board of appeals . . . may appeal . . . ." Thus, a party must be "aggrieved" to have standing.

1. *Standing requirements.* The trustee argues that the standing requirements of G. L. c. 40A are not applicable to appeals under G. L. c. 40B. The trustee points out that G. L. c. 40A, which governs local zoning, is designed to protect "the public interest of certain neighborhoods against uses which are believed to be deleterious to such neighborhoods," *Kaplan* v. *Boston,* 330 Mass. 381, 384 (1953), citing *Circle Lounge & Grill, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427, 431 (1949), and as such, encourages local authorities to adopt zoning regulations. The trustee contends that G. L. c. 40B, on the other hand, is designed to diminish local authority by allowing the Commonwealth to override a local zoning regulation where such regulation may impede the construction of low income housing. From this distinction, the trustee broadly concludes that these legislative policies are mutually exclusive, and therefore a single rule of standing cannot adequately accommodate both chapters.[5] This argument is unavailing.

The trustee's argument ignores the plain language of G. L. c. 40B, § 21, which provides that persons "aggrieved by the issuance of a comprehensive permit . . . may appeal to the court *as provided in section seventeen of chapter forty A*" (emphasis added). As the judge below correctly noted, this unambiguous legislative directive disposes of the trustee's argument.

Furthermore, we see no conflict between a policy geared toward overcoming local objection to low income housing and a rule of standing that limits the right to appeal from the grant of a permit. We therefore agree with the judge that the same standing requirements apply to appeals under G. L. c. 40A and G. L. c. 40B appeals.

2. *Rebuttal of presumptive standing.* In *Marashlian* v. *Zoning Bd. of Appeals of Newburyport,* 421 Mass. 719, 721 (1996), we stated:

> "Abutters . . . enjoy a rebuttable presumption they are 'persons aggrieved.' . . . If standing is challenged, the jurisdictional question is decided on 'all the evidence with no benefit to the plaintiffs from the presumption.' . . . A review of standing based on 'all the evidence' does not require that the factfinder ultimately find a plaintiff's al-

[5]We note that, despite his objection to the judge's application of G. L. c. 40A's standing requirements to appeals under G. L. c. 40B, the trustee suggests no alternative standard.

legations meritorious. To do so would be to deny standing, after the fact, to any unsuccessful plaintiff. Rather, the plaintiff must put forth credible evidence to substantiate his allegations. In this context, standing becomes, then, essentially a question of fact for the trial judge." (Citation omitted.)

The trustee argues that the defendants presented no evidence to rebut his presumptive standing and, accordingly, the judge erred in ruling that he was not an "aggrieved" party under G. L. c. 40A, § 17. But the judge ruled that the trustee's deposition testimony failed to show that the proposed project will impair any interests of the trustee that are protected by the zoning law. Thus, the defendants have rebutted the trustee's presumption of standing and the trustee has failed to offer any evidence of "a plausible claim of a definite violation of a private right, a private property interest, or a private legal interest" necessary to challenge the permit at issue. *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge*, 27 Mass. App. Ct. 491, 493 (1989).

For example, the complaint alleges that the defendants' permit application proposal (1) fails to consider whether the proposed housing would suit the neighborhood scheme generally; (2) may not "provide for the highest and best use of the taxpayers' Public Lands and Public Funds"; (3) lacks exploration of other potential low income housing solutions; and (4) does not conform to the layout of the local neighborhood. To the extent that these allegations aver any injury, the injury inures only to the detriment of the community at large, and not to the trustee specifically. Although the trustee also alleged that the proposed project would "eliminate[] the option to provide any additional parking or access" to a local playing field, neither his complaint nor his deposition testimony indicates that the proposed project would take away parking to which he was legally entitled. Instead, he alleges only that the project may someday limit the community's ability to gain access to and to park by the playing field.

The trustee failed to offer any evidence to "establish — by direct facts and not by speculative personal opinion — that his injury is special and different from the concerns of the rest of the community." *Barvenik* v. *Aldermen of Newton*, 33 Mass. App. Ct. 129, 132 (1992). Accordingly, the judge did not err in ruling that the trustee is not an aggrieved person under G. L. c. 40A, § 17.

3. *Propriety of treating the motion to dismiss as one for summary judgment.* The trustee next challenges the judge's treatment of the defendants' motion under Mass. R. Civ. P. 12 (b) (1), as a summary judgment motion.[6] To support this challenge, he relies solely on *Watros* v. *Greater Lynn Mental Health & Retardation Ass'n*, 421 Mass. 106, 109 (1995). In that case we concluded that a motion to dismiss brought under rule 12 (b) (1) was not required to be treated as a motion for summary judgment where the judge considered matters outside the pleadings. We reasoned that, under the plain language of rule 12, where a party presented (and the judge admitted) material outside the pleadings, only Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974) (failure to state a claim on which relief can be granted) *compels* the judge to treat the motion to dismiss as one for summary judgment. However, we have never held that this logic *precludes* a judge from treating a motion under rule 12 (b) (1) as one for summary judgment in the appropriate circumstance. We decline to do so here. The judge acted within her discretion in treating the defendant's motion to dismiss as a motion for summary judgment.

We therefore conclude that the judge's dismissal was proper and affirm the decision.

*So ordered.*

---

[6]The trustee also argues that the judge improperly ignored his assertion that the defendants' failure to serve him with a copy of the deposition statements and affidavit (on which they partially relied in moving to dismiss the action) did not comport with Rule 9A of the Rules of the Superior Court (1999). Rule 9A (a) (1) provides in part: "The moving party shall serve with the motion a statement of reasons, including supporting authorities, why the motion should be granted. . . . Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be served with the motion." This argument is unavailing. Even without the unserved documents, the pleadings alleged only generalized damages. Because the pleadings alone would have sufficiently rebutted the standing presumption, the error, if any, did not prejudice the trustee's claim.