ANTHONY L. RINALDI *vs.* BOARD OF APPEAL OF BOSTON
& another.[1]

No. 98-P-2297.

Suffolk. October 17, 2000. - January 4, 2001.

Present: ARMSTRONG, C.J., BECK, & RAPOZA, JJ.

*Zoning,* Variance; Board of appeals: decision. *Practice, Civil,* Standing. *State Building Code. Words,* "Person aggrieved."

Where an abutter, challenging a decision of the board of appeal of the city of Boston that granted a zoning variance to the owner of adjacent property, did not offer more than unsubstantiated opinions as to the potential negative consequences of the proposed use, a judge of the Housing Court correctly dismissed the complaint for lack of standing. [660-661]

CIVIL ACTION commenced in the Superior Court Department on June 25, 1997.

On transfer to the City of Boston Division of the Housing Court Department, the case was heard by *E. George Daher,* J., on motions for summary judgment and to dismiss.

*Peter L. Koff* for the plaintiff.

*Robert Brunelli,* Assistant Corporation Counsel, for Board of Appeal of Boston.

*Martha M. Wishart* for Maria Santos.

BECK, J. The issue in this case is whether the plaintiff, Anthony Rinaldi, has standing to challenge a decision of the board of appeal of the city of Boston granting a zoning variance to the defendant, Maria Santos. A judge of the Housing Court determined that the plaintiff does not have such standing and ordered the complaint dismissed. The plaintiff appeals. We affirm the decision of the Housing Court.

*Facts and procedural history.* The plaintiff owns and lives in property at 190 Maverick Street in East Boston. Maria Santos

---

[1]Maria Santos.

owns two three-story buildings at 186 and 188 Maverick Street, adjacent to the plaintiff's house. In April, 1992, the plaintiff filed a complaint with the city of Boston inspectional services department (inspectional services), claiming that there were State Building Code (building code) violations at Santos's property. An investigation resulted in a June, 1996, "Agreement for Judgment" (agreement) between Santos and inspectional services, in which Santos agreed to correct the violations. The agreement also permitted Santos to apply for a building permit to renovate 186-188 Maverick Street into one building containing six dwelling units. At the time of the agreement, Santos's buildings were connected on the first floor only. The building at 186, which contained two apartments and a store, had been vacant for several years. The building at 188 contained three apartments.

In accordance with the agreement, Santos immediately filed a building permit application. The application requested permission to (1) combine the lots and the buildings into a single structure at one address; (2) change the occupancy from five apartments and a store to six apartments; (3) unify the buildings from the outside; and (4) fill in an unused porch area of the building at 186, and combine with the building at 188. Inspectional services refused the application on the grounds that the proposal violated a number of provisions in the Boston zoning code (zoning code). Santos appealed to the board of appeal of the city of Boston (board). The board unanimously granted the requested variance, annulled the ruling of the building commissioner, and ordered the building commissioner to approve Santos's application for a building permit.

The plaintiff then sought judicial review of the board's action. He asserted that he is an "abutter to the premises and a 'person aggrieved' by the decision," and claimed that there were building code violations at Santos's property and that Santos had not applied for a building permit to correct those violations. He also claimed that the work associated with the permit would create new building code violations and that Santos's primary proposals violated the Boston zoning code.

Several months later, on November 25, 1997, the plaintiff filed a motion for summary judgment, along with an affidavit setting forth the facts associated with the history just recounted and the basis for his objections to the variance. On February 10, 1998, the board filed a motion to dismiss on the ground that the

plaintiff lacked standing to challenge the variance. In support of his motion and in opposition to the defendants' motions, the plaintiff claimed, relying on his affidavit, that the variance would injure his legal rights because Santos's proposed alterations (1) were in violation of the State building code; (2) would result in additional demand for on-street parking in an already congested neighborhood; (3) would cause increased traffic; and (4) would interfere with his quiet enjoyment.

After reviewing both motions, a Housing Court judge concluded that the injuries the plaintiff alleged were "to[o] remote" and dismissed the complaint. Judgment entered accordingly, and the plaintiff appealed to this court.

*Legal standard.* One who seeks to challenge a decision of a zoning board must be a "person aggrieved." St. 1956, c. 665, § 11. "Abutters . . . enjoy a rebuttable presumption [that] they are 'persons aggrieved.' " *Bell* v. *Zoning Bd. of Appeals of Gloucester*, 429 Mass. 551, 553 (1999), quoting from *Marashlian* v. *Zoning Bd. of Appeals of Newburyport*, 421 Mass. 719, 721 (1996). However, once there is a challenge to an abutter's standing, and the challenge may be based on the plaintiff's affidavit, see *Bell* v. *Zoning Bd. of Appeals of Gloucester*, 429 Mass. at 554, "the jurisdictional question is decided on 'all the evidence with no benefit to the plaintiffs from the presumption.' . . . [T]he plaintiff must [then] put forth credible evidence to substantiate his allegations." *Marashlian* v. *Zoning Bd. of Appeals of Newburyport*, 421 Mass. at 721.

A review of standing based on all the evidence does not require that the factfinder make a finding about the ultimate merit of the plaintiff's allegations. "To do so would be to deny standing, after the fact, to any unsuccessful plaintiff." *Ibid.* But the plaintiff must offer "evidence of 'a plausible claim of a definite violation of a private right, a private property interest, or a private legal interest,' " *Bell* v. *Zoning Bd. of Appeals of Gloucester*, 429 Mass. at 554, quoting from *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge*, 27 Mass. App. Ct. 491, 493 (1989), that is different from that suffered by the community generally. See *Bell* v. *Zoning Bd. of Appeals of Gloucester*, 429 Mass. at 554 ("plaintiff must establish — by direct facts and not by speculative personal opinion — that his injury is special and different from the concerns of the rest of the community"), quoting *Barvenik* v. *Board of Aldermen of Newton*, 33 Mass. App. Ct. 129, 132 (1992). Ultimately, stand-

ing is a question of fact for the judge. *Bell* v. *Zoning Bd. of Appeals of Gloucester*, 429 Mass. at 554.

*Discussion.* With regard to the claims concerning violations of Boston's zoning law, the judge did not err in concluding that the plaintiff did not carry his burden. *Marashlian* v. *Zoning Bd. of Appeals of Newburyport*, 421 Mass. at 722. The materials the plaintiff submitted in support of his motion for summary judgment contain nothing more than unsubstantiated opinions as to the potential negative consequences of Santos's plan. See *Cohen* v. *Zoning Bd. of Appeals of Plymouth*, 35 Mass. App. Ct. 619, 623 (1993) (traffic engineer's affidavit, lacking specific factual substance, insufficient to support standing). Given that the variance's only impact is to change the buildings' use from five dwellings and one store to six dwellings, it is difficult to envision significant increases in traffic and loss of parking spaces. Of course it is also likely that the building at 186 will be occupied rather than vacant, and that may add to the parking problems and congestion, but the plaintiff cannot insist on conditions that would prevent Santos's use of her property. See *MacNeil* v. *Avon*, 386 Mass. 339, 341 (1982).

In his brief on appeal, the plaintiff argues that Santos's violations of the building code and his fire safety concerns "would [alone] be sufficient to support his opposition to the allowance of the variance." However, "the building code and zoning laws have different purposes and procedures. 'Whereas the main purpose of zoning is to stabilize the use of property and to protect an area from deleterious uses [citations omitted], a building code relates to the safety and structure of buildings.' " *Carstensen* v. *Zoning Bd. of Appeals of Cambridge*, 11 Mass. App. Ct. 348, 356-357 (1981), quoting from *Enos* v. *Brockton*, 354 Mass. 278, 280-281 (1968), quoting from *Norcross* v. *Board of Appeals of the Bldg. Dept. of Boston*, 255 Mass. 177, 182-183 (1926). Although it is true that public safety may be a legitimate goal of zoning by-laws, see *Sturges* v. *Chilmark*, 380 Mass. 246, 253 (1980), and that the purpose of the Boston zoning code includes the promotion of safety, see St. 1956, c. 665, § 2, the safety violations of which the plaintiff complains are in the building code, not the zoning code. "Each [code] has its own appellate procedure." *Carstensen* v. *Zoning Bd. of Appeals of Cambridge*, 11 Mass. App. Ct. at 357. The plaintiff must address his claims of building code violation to the State Building Code Appeals Board, which has the expertise to deal with these

issues. See G. L. c. 143, §§ 93, 100; *Balcam* v. *Hingham*, 41 Mass. App. Ct. 260, 263 n.7 (1996).

*Judgment affirmed.*