STEPHEN L. BERTRAND & another[1] *vs.* BOARD OF APPEALS OF BOURNE & another.[2]
No. 01-P-1477. June 24, 2003. *Practice, Civil,* Standing. *Zoning,* Variance.

Since 1971, Joseph Gibbons has owned two contiguous vacant lots (locus), each consisting of approximately 20,000 square feet. At the time of purchase, both lots were of buildable dimensions. Thereafter, in 1986, Bourne increased the minimum square footage required for constructing a single family house in the applicable zoning district to 40,000 square feet. In 1999, Gibbons sought and obtained a variance from the board of appeals of Bourne (board), allowing two single family houses to be built on the locus (one on each lot). The plaintiffs, whose property abuts and is directly behind the locus, appealed to the Superior Court, pursuant to G. L. c. 40A, § 17. After a one-day trial, the judge upheld the grant of the variance on the ground that the plaintiffs lacked standing to challenge it. The judge reasoned that, although the plaintiffs were abutters and were therefore presumed to be aggrieved by the board's decision, the presumption had been rebutted, because the plaintiffs' concerns were too "personal" or "speculative" and were "not grounded in any actual or potential decrease in the value of their property." Having decided the case on this basis, the judge did not address whether the criteria for granting a variance had been met. See G. L. c. 40A, § 10.

1. *Standing.* Whether characterized as a misapplication of the law, or as a "clearly erroneous" finding of fact, the judge's decision cannot stand. Cf. *Nickerson* v. *Zoning Bd. of Appeals of Raynham*, 53 Mass. App. Ct. 680, 682 (2002). The plaintiffs' objections to the variance were based upon the incremental impact upon their property of two houses being built directly behind them, rather than one. They articulated concerns about increased noise, increased artificial light, and decreased backyard privacy. In addition, because of problems they had experienced with their own septic system, they expressed concerns about the environmental implications of two nearby septic systems instead of one.

As confirmed by the testimony of the building inspector, the grounds for the plaintiffs' objections related directly to the objectives of the density regulation at issue. Especially given the close quarters involved here, the plaintiffs' concerns cannot reasonably be characterized as ill-founded or speculative. Accordingly, it was error for the judge to conclude that the plaintiffs lacked standing. See generally *Marashlian* v. *Zoning Bd. of Appeals of Newburyport*, 421 Mass. 719, 722-723 (1996).

2. *The variance.* There was no lawful justification for the grant of the variance. The board's stated rationale was that the locus was the only instance in this subdivision of two contiguous, nonconforming lots; that a 40,000 square foot lot would be unusually large in the area; that Gibbons had paid taxes on two lots; and that he would suffer financial hardship unless the locus could be developed with two houses. However, unless the owner's hardship relates to soil conditions, shape, or topography of the land, a variance cannot lawfully be granted. See, e.g., *Tsagronis* v. *Board of Appeals of Wareham*, 415 Mass. 329, 331-332 (1993). The size of a lot does not qualify as "shape of the land" grounds for the grant of a variance. *Id.* at 332 n.6.

3. *Disposition.* The judgment upholding the board's decision granting the

---

[1]Laura J. Bertrand.

[2]Joseph Gibbons.

variance is reversed, and judgment shall be entered in the Superior Court vacating the board's decision granting the variance.

*So ordered.*

*Donald J Bertrand* for the plaintiffs.

*Matthew R. Tobin* for Joseph Gibbons.

*Robert S. Troy,* for Board of Appeals of Bourne, submitted a brief.