EILEEN STANDERWICK & others[1] *vs.* ZONING BOARD OF
APPEALS OF ANDOVER & another.[2]

No. 04-P-17.

Essex. October 7, 2004. - August 26, 2005.

Present: PERRETTA, DOERFER, & KAFKER, JJ.

Further appellate review granted, 445 Mass. 1105 (2005).

*Practice, Civil,* Standing, Zoning appeal. *Zoning,* Comprehensive permit, Appeal, Person aggrieved. *Statute,* Construction.

In a civil action brought in Superior Court by plaintiffs seeking review of a zoning board's decision to issue a comprehensive permit allowing the defendant to construct a multi-unit building on a certain site, the judge erred in dismissing the complaint on the ground that the plaintiffs lacked standing, where the plaintiffs, abutters to the site who asserted that the construction would cause diminution in their property values, had alleged claims of injury based on concerns that formed a legally cognizable basis for standing that was not successfully challenged by the evidence submitted by the defendant in support of its motion for summary judgment. [339-346]

CIVIL ACTION commenced in the Superior Court Department on June 11, 2002.

The case was heard by *Howard J. Whitehead,* J., on a motion for summary judgment.

*Andrew A. Caffrey, Jr.,* for the plaintiffs.

*Kevin P. O'Flaherty* for Avalon at St. Clare, Inc.

*Thomas J. Urbelis,* for Zoning Board of Appeals of Andover, was present but did not argue.

DOERFER, J. Avalon at St. Clare, Inc. (Avalon), was issued a comprehensive permit by the zoning board of appeals of An-

[1]Kirstin Clarke, Susan Powers, Dean Shu, Michael Marcoux, and Madelaine St. Amand. Three other plaintiffs (Jane Bowman, Judi Desruisseau, and Timothy Carter) in the proceedings in the Superior Court did not join in this appeal.

[2]Avalon at St. Clare, Inc.

dover (board) under G. L. c. 40B, §§ 20-23, to construct a multi-unit building on a site in Andover. The plaintiffs, who are abutters,[3] appealed the decision of the board to the Superior Court by a complaint under G. L. c. 40A, § 17. On a motion for summary judgment, the court dismissed the complaint on the grounds that the plaintiffs lacked standing. We hold that (1) at least some of the bases asserted by the plaintiffs for standing were legally cognizable, and (2) the plaintiffs' presumptive standing arising from their status as abutters was not successfully challenged by the evidence submitted by Avalon in support of its motion for summary judgment. The actual merits of the plaintiffs' challenge to the issuance of the comprehensive permit were not decided below and thus are not reviewed herein.

1. *Background.* The project in question is a residential housing development (the development) on a 9.127-acre parcel of land situated on River Road in Andover. The development site is located in a district zoned for single-family housing that requires a minimum lot size of one acre. This site has been improved by a four-story brick monastery formerly used to house members of the religious order of the Sisters of St. Clare. Avalon intends to raze the building and redevelop the site with a single, sixty-foot high, four-story apartment building containing 115 rental units, a paved parking area containing 220 parking spaces, a clubhouse, a management and leasing office, and an enclosed recycling center.

Twenty-nine of the 115 apartments are designated for low or moderate income housing. The development site is and will remain bounded by a ten-foot high masonry wall running along its southern, eastern, and western property lines. Vehicular access to the development site is provided by a circular driveway that intersects at its termini with River Road.

In the course of discovery the plaintiffs identified several ways in which they anticipated being adversely affected by the decision of the board, including diminution of their property values, traffic concerns, adverse drainage consequences, interference with light, increased noise, and an expected increase in crime and vandalism.

---

[3]We use the term "abutters" to include abutters of abutters whose property lies within 300 feet of the locus. G. L. c. 40A, § 11.

In support of its motion for summary judgment on the issue of standing, Avalon supplied the affidavit of a traffic engineer who concluded that the project would not create unacceptable levels of service at various relevant intersections and that the local roads could adequately absorb the increase in traffic. Avalon submitted similar supportive affidavits from experts that concluded that there would be adequate management of stormwater and runoff according to relevant environmental and town standards. Avalon submitted no evidence regarding the impact of the project on the plaintiffs' property values. On this and other concerns expressed by the plaintiffs, Avalon relied instead on certain statements made by the plaintiffs in their responses to discovery requests, to which we refer below.

The plaintiffs submitted the affidavits of two witnesses who were in the real estate business, which tended to show that the plaintiffs' property values would be diminished as a result of the construction of the development. These affidavits were struck by the judge upon motion of Avalon.[4] The plaintiffs submitted no other materials in opposition to the motion for summary judgment relevant to the question of their standing.

2. *Grounds for standing.* Avalon argued (and the judge agreed in his ruling) that for purposes of deciding whether a person is "aggrieved" under G. L. c. 40B, § 21, the legally cognizable injuries open for consideration are limited to those that might ultimately support a determination that either the denial of a comprehensive permit or the imposition of conditions on the grant of the permit in a manner that renders the proposed development "uneconomic" was "consistent with local needs" as that phrase is defined in G. L. c. 40B, § 20.[5] The point has been decided otherwise.

---

[4]We do not review whether the allowance of the motion to strike was correct. As set forth below, Avalon was not entitled to prevail on the question of standing on its motion for summary judgment even if the affidavits submitted by the plaintiffs as to diminution of their property values were properly struck. See note 8, *infra.*

[5]As set out in G. L. c. 40B, § 20, local zoning requirements are "consistent with local needs if they are reasonable in view of the regional need for low and moderate income housing considered with the number of low income persons in the city or town affected and the need to protect the health or safety of the occupants of the proposed housing or of the residents of the city or town, to promote better site and building design in relation to the surround-

General Laws c. 40B, § 21, provides that "[a]ny person aggrieved by the issuance of a comprehensive permit or approval may appeal to the court as provided in section seventeen of chapter forty A." In order to interpret the term "person aggrieved" as used in c. 40B, § 21, we look to the interpretation given the identical term in G. L. c. 40A, § 17. See *Planning Bd. of Hingham* v. *Hingham Campus, LLC*, 438 Mass. 364, 368 (2003), citing *Bell* v. *Zoning Bd. of Appeals of Gloucester*, 429 Mass. 551, 553 (1999) ("same standing requirements apply to appeals under G. L. c. 40A and G. L. c. 40B appeals"). General Laws c. 40B, § 20, read in conjunction with G. L. c. 40B, § 23, establishes *substantive standards* to be applied by a board of appeals in deciding whether to issue comprehensive permits and by the housing appeals committee (HAC) of the department of housing and community development in reviewing a board's decision. See *Board of Appeals of Hanover* v. *Housing Appeals Comm. in the Dept. of Community Affairs*, 363 Mass. 339, 364-365 (1973). The plaintiffs were not required to demonstrate that the issuance of the comprehensive permit impaired interests in some way related to health, safety, site and building design, or the preservation of open space.

Thus, applying the usual principles relevant to a determination of standing, a party has standing to challenge the granting of a comprehensive permit if the grant of the comprehensive permit causes, or threatens with reasonable likelihood, a tangible and particularized injury to a private property or legal interest protected by zoning law. See *Marashlian* v. *Zoning Bd. of Appeals of Newburyport*, 421 Mass. 719, 723 (1996). The plaintiffs must identify the interest or interests that they claim will be affected; the interests must be of a type that are intended to be protected by the zoning enabling act (such as property values, traffic, or parking); and the claims must be neither speculative nor too remote. See *Bell* v. *Zoning Bd. of Appeals of Gloucester*, 429 Mass. at 554. See also *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston*, 324 Mass. 427, 430-432 (1949); *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge*, 27 Mass. App. Ct. 491, 492-493 (1989). The alleged

ings, or to preserve open spaces, and if such requirements and regulations are applied as equally as possible to both subsidized and unsubsidized housing."

injury must be "special and different from the concerns of the rest of the community." *Barvenik* v. *Aldermen of Newton,* 33 Mass. App. Ct. 129, 132 (1992). See *Nickerson* v. *Zoning Bd. of Appeals of Raynham,* 53 Mass. App. Ct. 680, 682 (2002); *Denneny* v. *Zoning Bd. of Appeals of Seekonk,* 59 Mass. App. Ct. 208, 215 (2003). The question what evidence a plaintiff is required to produce in support of one or more of these recognized bases for standing, and upon what conditions it must be produced, depends on whether that plaintiff is entitled to a presumption of standing as an abutter.

3. *Presumptive standing of abutters.* The six plaintiffs all alleged at least some claims of injury based on concerns that form a legally cognizable basis for standing. But they were also either abutters or abutters of abutters[6] and were entitled to notice under G. L. c. 40A, § 11. Consequently, well established evidentiary presumptions applied to their claims of standing under G. L. c. 40A, § 17, as "persons aggrieved." See *Watros* v. *Greater Lynn Mental Health & Retardation Assn.,* 421 Mass. 106, 111 (1995); *Marinelli* v. *Board of Appeals of Stoughton,* 440 Mass. 255, 257-258 (2003); *Denneny* v. *Zoning Bd. of Appeals of Seekonk,* 59 Mass. App. Ct. at 212.

In order to rebut the presumption of standing, Avalon was required to offer evidence "warranting a finding contrary to the presumed fact." *Watros* v. *Greater Lynn Mental Health & Retardation Assn.,* 421 Mass. at 111, citing *Barvenik* v. *Aldermen of Newton,* 33 Mass. App. Ct. at 131. *Marinelli* v. *Board of Appeals of Stoughton,* 440 Mass. at 258. A defendant who challenges the standing of an abutter on a motion for summary judgment must produce evidence that meets this standard. But first, of course, the plaintiff must articulate a basis for standing that is legally cognizable. Diminution in real estate values is an injury that is a tangible and particularized injury to a private property or legal interest protected by zoning law. *Tsagronis* v. *Board of Appeals of Wareham,* 33 Mass. App. Ct. 55, 59 (1992),

---

[6]Plaintiff Michael Marcoux owns property directly adjacent to the development site and fronting River Road. The properties of the remaining five plaintiffs do not front River Road. However, these five plaintiffs are either abutters or abutters to an abutter within 300 feet of Avalon's property line. See note 1, *supra.*

*S.C.*, 415 Mass. 329 (1993). This is a valid basis for a claim of standing.[7] As we have said above, no different standard of standing applies based on the fact that a comprehensive permit is involved. Having asserted a viable basis for standing on these grounds, the plaintiffs had no burden to produce evidence supporting that claim unless and until the defendants had offered evidence "warranting a finding contrary to the presumed fact." *Watros* v. *Greater Lynn Mental Health & Retardation Assn.*, 421 Mass. at 111. *Marinelli* v. *Board of Appeals of Stoughton*, 440 Mass. at 257-258. In this case, the plaintiffs had no burden to support their claim of diminution of value, once having identified it, because the defendants did not offer any evidence warranting a conclusion that the plaintiffs' property would not be diminished in value.[8]

Instead of supplying such evidence, Avalon cited various responses made by the plaintiffs during discovery, which revealed that (apart from the affidavits that had been struck) they had no evidence that would warrant a finding that the development would have an adverse impact on their property values. This lack of evidence was characterized as "evidence" in the arguments of Avalon and the decision of the judge.

Avalon relies on *Cohen* v. *Zoning Bd. of Appeals of Plymouth*, 35 Mass. App. Ct. 619 (1993), to suggest that on summary judgment, it is sufficient merely to dispute the plaintiffs' claim of standing and to show that the plaintiffs have no evidence to support their position. As applied to a plaintiff who is presumed to have standing as an abutter, this argument cannot withstand analysis under *Watros* v. *Greater Lynn Mental*

---

[7]Compare *Bell* v. *Zoning Bd. of Appeals of Gloucester*, 429 Mass. at 554, where the court was able to determine from the complaint and the plaintiff's deposition testimony that the plaintiff could not articulate a type of injury that would be cognizable as an interest that is protected by the zoning law. *Bell* does not require the plaintiff to produce evidence in violation of his statutorily created presumptive standing. Rather, the decision requires merely that he articulate his claim. That articulation can be scrutinized for legal sufficiency or provide a target for the defendant to aim at with evidence sufficient to satisfy the standard set out in *Watros* v. *Greater Lynn Mental Health & Retardation Assn.*, 421 Mass. at 111.

[8]The judge struck the affidavits on the grounds that the opinions of value stated therein were not adequately supported. We need not review the correctness of this ruling. See note 4, *supra.*

*Health & Retardation Assn.*, 421 Mass. at 110-111, decided two years after *Cohen* v. *Zoning Bd. of Appeals of Plymouth, supra*, was decided,[9] and applied in *Marinelli* v. *Board of Appeals of Stoughton*, 440 Mass. at 257-258.[10]

We can no longer say, as we did in *Cohen* v. *Zoning Bd. of Appeals of Plymouth*, 35 Mass. App. Ct. at 621, that the filing of a motion for summary judgment constitutes a "challenge" sufficient to make the statutory presumption recede, and requires the plaintiffs to come forward with "specific facts" to support

[9]The defendants in *Watros* did not offer any evidence relating to the plaintiffs' claimed standing. Instead, they relied on the denials and the affirmative defenses in their answer. *Watros* v. *Greater Lynn Mental Health & Retardation Assn.*, 421 Mass. at 108. The court specifically disapproved our decision in *Watros* v. *Greater Lynn Mental Health & Retardation Assn.*, 37 Mass. App. Ct. 657 (1994), which had regarded these denials and affirmative defenses as sufficient to make the presumptive standing recede and cause the plaintiffs' burden on standing to spring up. Thus, under the teaching of *Watros* v. *Greater Lynn Mental Health & Retardation Assn.*, 421 Mass. at 108, clearly more than a "challenge" is required. To cause the plaintiffs' presumption to recede, the challenge must be supported by evidence sufficient to warrant a contrary conclusion.

[10]In *Marinelli* v. *Board of Appeals of Stoughton*, 440 Mass. at 257, the plaintiff's standing in appealing the denial of a building permit was challenged by the defendant on the grounds that the plaintiff did not have a sufficient interest in the land in question because his purchase and sale agreement was signed by only one trustee of the entity selling the land to him. The Land Court disposed of the matter on summary judgment in favor of the plaintiff. *Ibid.* The defendant claimed that it had challenged the plaintiff's status as owner by introducing the instrument creating the trust that sold the land to him, which required the written consent of the trustees and all the beneficiaries. *Id.* at 257 n.3. The defendant claimed that by so challenging his standing, the plaintiff had the affirmative duty to produce evidence that the selling trust had complied with the terms of the trust. *Id.* at 257-258. No such evidence was produced by the plaintiff.

The court held that even though the plaintiff's standing was challenged, the presumption as interpreted by *Watros* preserved the plaintiff's standing. The court further held that the plaintiff was not required to supply evidence that the purchase and sale agreement had been consented to by the trustees and beneficiaries as required by the trust instrument, reiterating the *Watros* rule that "[t]o rebut a presumption of a plaintiff's standing as an aggrieved person, a defendant must offer evidence warranting a finding contrary to the presumed fact." *Ibid.*, citing *Watros* v. *Greater Lynn Mental Health & Retardation Assn.*, 421 Mass. at 111. Accordingly, in the absence of evidence supporting a contrary finding, the plaintiff was entitled to the benefit of the presumption and had no burden to come forward with affirmative evidence, even on the topic of his status as a "party in interest" under G. L. c. 40A, § 11. *Ibid.*

their assertion of status as aggrieved persons, as would be required under *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991).[11]

As abutters who claimed at least one valid basis for standing that was not rebutted with evidence from the defendants, it was not necessary for the plaintiffs to articulate other valid bases for standing in order to survive the motion for summary judgment. We note in passing that the defendants did supply evidence that would support conclusions contrary to the plaintiffs' claims of standing based on storm water runoff[12] and traffic congestion. On those points the plaintiffs' presumption receded, and the court was correct in requiring the plaintiffs to submit evidence in opposition to the defendants' motion for summary judgment to at least show a material dispute of fact. The defendants were free to argue that on the summary judgment record, the plaintiffs had no reasonable expectation of being able to prove their aggrievement, based on such concerns, at trial. *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. at 716.[13]

Certain of the plaintiffs' claims as to standing did not meet

[11]In *Denneny* v. *Zoning Bd. of Appeals of Seekonk*, 59 Mass. App. Ct. at 212, we acknowledged the requirement of *Watros* that a challenge to the presumption of standing that is held by an abutter must be "supported by evidence." We found that the opponent to the plaintiff's claim of standing had, at trial, provided abundant affirmative evidence to refute the plaintiff's various claims of legally cognizable injury (devaluation of her property due to the construction of a communications tower, structural integrity of the tower, and radio frequency interference). *Id.* at 213-214. In *Marashlian* v. *Zoning Bd. of Appeals of Newburyport*, 421 Mass. at 722, decided five months after *Watros*, the court recited that the "plaintiffs' standing was challenged and thus the jurisdictional issue was decided on all the evidence." There is no information as to how the standing was "challenged." The rescript opinion of this court in *Marashlian* recites merely that standing was challenged and does not further illuminate how that occurred. *Marashlian* v. *Zoning Bd. of Appeals of Newburyport*, 37 Mass. App. Ct. 931 (1994).

[12]Concerns about the environmental ramifications of a proposed project can provide standing. See *Paulding* v. *Bruins*, 18 Mass. App. Ct. 707, 709 (1984); *Bertrand* v. *Board of Appeals of Bourne*, 58 Mass. App. Ct. 912, 912 (2003). The plaintiffs claimed that construction of the development, changes in the topography of the land, and an increase in impervious land surface could alter the water table and patterns of storm water runoff that in turn might foul their well water, impair their septic systems, flood their land, and provide breeding grounds for mosquitos. Avalon refuted this claim in its affidavits and the plaintiffs came forward with no contrary evidence.

[13]As to the traffic issue, only the plaintiff Marcoux created a triable issue of

the test of *Marashlian* v. *Zoning Bd. of Appeals of Newbury-port*, 421 Mass. at 721-723, and thus required no specific contrary evidence from Avalon.[14] An interest in preserving the rural character of the neighborhood is not a legally cognizable interest to be considered in determining standing.[15] See *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge*, 27 Mass. App. Ct. at 493; *Barvenik* v. *Aldermen of Newton*, 33 Mass. App. Ct. at 132-133.[16] This is the type of problem identified with the plaintiff's claim of standing in *Riley* v. *Janco Cent., Inc.* 38 Mass. App. Ct. 984, 985 (1995) (headlights shining into plaintiff's home). *Rinaldi* v. *Board of Appeal of Boston*, 50 Mass. App. Ct. 657, 659-660 (2001), should also be read in the same way, even though we referred to deficiencies of the plaintiff's affidavit as "evidence" and cited to *Bell* v. *Zoning Bd. of Appeals of Gloucester*, 429 Mass. at 554, and *Cohen* v. *Zoning Bd. of Appeals of Plymouth*, 35 Mass. App. Ct. at

---

fact. His claim of injury was based on one additional fact peculiar to him that went unchallenged by Avalon. According to Marcoux's deposition testimony and answers to interrogatories, his daily drive to work begins with a two to five minute wait in his driveway attempting to attain access to River Road. Additional traffic from the proposed development will, according to Marcoux, only exacerbate this current problem. See *Butler* v. *Waltham*, 63 Mass. App. Ct. 435, 438 (2005). The affidavit submitted by Avalon is silent with respect to Marcoux's claim of an injury particular to him, and thus it cannot be said that he has no reasonable expectation of being able to prove legally recognizable harm to him at trial.

[14]In *Marashlian* v. *Zoning Bd. of Appeals of Newburyport*, 421 Mass. at 723 n.5, the court commented on our rescript opinion in *Riley* v. *Janco Cent., Inc.*, 38 Mass. App. Ct. 984 (1995), which was a case decided on summary judgment. There, the plaintiff's affidavits failed to establish a plausible claim of a definite violation of a private right where the claim was that there was a possibility that headlights would shine into the plaintiff's window. *Riley* v. *Janco Cent., Inc., supra* at 985. Again, the report of the case (and the Supreme Judicial Court's comment on it) do not reveal how the presumption was challenged.

[15]Likewise, failure to consider suitability to the neighborhood scheme, failure to provide highest and best use of taxpayer funds, failure to explore other low income housing concerns, and failure to conform to the layout of the local neighborhood do not state an adequate basis for standing. *Bell* v. *Zoning Bd. of Appeals of Gloucester*, 429 Mass. at 554.

[16]We do not comment further on the merits or viability of all of the bases on which the plaintiffs claim standing. It is sufficient for the purposes of this appeal to note that the plaintiffs have at least one valid basis, the claim that their property values would diminish, which was not met by any evidence from Avalon.

623.[17] The plaintiff's claim in *Rinaldi* v. *Board of Appeal of Boston*, 50 Mass. App. Ct. at 660, to prevent a vacant apartment building from being occupied was clearly not cognizable as an injury to a private right or otherwise entitled to recognition under the zoning laws. The plaintiff's further claim in *Rinaldi, supra* at 660, that traffic and parking would be aggravated by the allowance of a sixth dwelling unit where five presently existed and where the locus in question was a densely populated urban environment, was equally trivial. In any event, *Marinelli* v. *Board of Appeals of Stoughton*, 440 Mass. at 257-258, had not yet been decided, affirming and clarifying the doctrine set out in *Watros* v. *Greater Lynn Mental Health & Retardation Assn.*, 421 Mass. at 111, that a defendant must produce evidence sufficient to warrant a conclusion contrary to the statutory presumption.[18]

4. *Conclusion.* For the foregoing reasons, the judgment must be reversed as to all the plaintiffs and the matter remanded to the Superior Court for further proceedings consistent with this decision.

*So ordered.*

---

[17]*Monks* v. *Zoning Bd. of Appeal of Plymouth*, 37 Mass. App. Ct. 685, 688 (1994), is not on point as it did not involve any issue relating to the statutory presumption. Nor is *Butler* v. *Waltham*, 63 Mass. App. Ct. 435, 440 n.12 (2005), for the same reason.

[18]In *Bertrand* v. *Board of Appeals of Bourne*, 58 Mass. App. Ct. 912 (2003), the plaintiffs successfully articulated at trial concerns relating to interests protected by the zoning bylaw relating to density. This court determined that the plaintiffs' claim was improperly dismissed on standing grounds at trial because their concerns were not ill-founded or speculative.