NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReportersjc.state.ma.us

17-P-430                                          Appeals Court

CLAUDIA MURROW  vs.  ESH CIRCUS ARTS, LLC, & others.[1]

No. 17-P-430.

Suffolk.     March 7, 2018. - May 17, 2018.

Present:  Meade, Rubin, & Neyman, JJ.

Zoning, Appeal, Person aggrieved, Board of appeals:  notice of hearing.  Practice, Civil, Zoning appeal, Standing, Motion to dismiss.  Notice.

Civil action commenced in the Land Court Department on December 3, 2015.

A motion to dismiss was heard by Gordon H. Piper, J.

Michael S. Rabieh for the plaintiff.
Edward J. Lonergan for Esh Circus Arts, LLC, & others.

MEADE, J.  Following the approval by the zoning board of appeals of Somerville (ZBA) of a modification of a special permit submitted by Esh Circus Arts, LLC, Ellen Waylonis, and Belam II, LLC, the property owner (collectively Esh unless

---

[1] Ellen Waylonis; Belam II, LLC; Francis Galasso; Jonah Jacob; and zoning board of appeals of Somerville.

otherwise noted), Claudia Murrow appealed the approval to the Land Court, where a judge dismissed Murrow's complaint due to her lack of standing. Judgment entered and Murrow appeals. We affirm.

1. Background. Esh operates a "for-profit [circus] school for instruction in arts, skills, or vocational training" in Somerville. Esh held a special permit that the ZBA previously granted in an earlier case. On September 30, 2015, Esh applied for what appears to be a modification to that special permit from the ZBA, seeking to increase the floor area and alter the site plan. Notice of the application and the public hearing "was given to persons affected and was published and posted, all as required by G. L. c. 40A, § 11, and the Somerville Zoning Ordinance," as noted in the ZBA decision. After a public hearing, on November 4, 2015, the ZBA unanimously voted to approve Esh's application. The decision was filed with the city clerk on November 13, 2015.

Murrow received notice of the ZBA decision and filed a complaint in the Land Court on December 3, 2015. She alleged, among other things, that Esh's proposed changes would cause a detrimental health, safety, and welfare effect on Murrow and Esh's surrounding neighbors. Waylonis filed a motion to dismiss Murrow's complaint on July 8, 2016, arguing that Murrow was not an aggrieved party and therefore lacked standing. The parties

filed an excerpt of the Somerville Zoning Code and a list of abutters for the judge's consideration. Following a hearing, the judge allowed the motion to dismiss on August 26, 2016, finding that Murrow was not a party in interest entitled to a rebuttable presumption of aggrievement, and that her complaint failed to state facts that would establish her standing to appeal the ZBA's decision.

2. Discussion. We review the allowance of a motion to dismiss de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. See Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011). In order to withstand a motion to dismiss, the complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting from Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

a. Rebuttable presumption of aggrievement. Murrow claims that the judge erred in finding that Murrow lacked a rebuttable presumption of aggrievement as a "party in interest" under G. L. c. 40A, § 11. We disagree.

To have standing to challenge the decision of a municipal zoning authority, a plaintiff must be a person aggrieved. G. L. c. 40A, § 17. See Marinelli v. Board of Appeals of Stoughton, 440 Mass. 255, 257 (2003). Aggrieved person status is

jurisdictional. Denneny v. Zoning Bd. of Appeals of Seekonk, 59 Mass. App. Ct. 208, 211 (2003), citing Barvenik v. Aldermen of Newton, 33 Mass. App. Ct. 129, 131 (1992). Demonstrating aggrievement requires a plaintiff to show she has suffered a specialized, cognizable injury "not merely reflective of the concerns of the community." Denneny, supra at 211-212, citing Harvard Square Defense Fund, Inc. v. Planning Bd. of Cambridge, 27 Mass. App. Ct. 491, 492-493 (1989). A plaintiff is entitled to a rebuttable presumption of aggrievement if she is a "party in interest" under § 11.[2] Id. at 212. As defined there, "party in interest" refers to "the petitioner, abutters, owners of land directly opposite on any public or private street or way, and abutters to the abutters within three hundred feet of the property line of the petitioner as they appear on the most recent applicable tax list." G. L. c. 40A, § 11. By § 11's strict terms, Murrow -- who lives across the street from, but not directly opposite, Esh's property -- is not, and does not allege to be, the petitioner, an abutter, or the owner of land directly across from Esh's property.

---

[2] This rebuttable presumption originated in Marotta v. Board of Appeals of Revere, 336 Mass. 199, 204 (1957), based on the principle "that those entitled to notice of the proceedings are presumed to have the requisite interest" for standing purposes. Standerwick v. Zoning Bd. of Appeals, 447 Mass. 20, 33 (2006). Property owners entitled to notice are those defined in the third sentence of § 11. Watros v. Greater Lynn Mental Health & Retardation Assn., 421 Mass. 106, 110-111 (1995).

However, Murrow does claim that she is a party in interest as one of the "abutters to the abutters within three hundred feet" because she lives within three hundred feet of the Esh property. We disagree. When interpreting a statute, "each clause or phrase is to be construed with reference to every other clause or phrase without giving undue emphasis to any one group of words." Worcester v. College Hill Properties LLC, 465 Mass. 134, 139 (2013), quoting from Selectmen of Topsfield v. State Racing Commn., 324 Mass. 309, 312-313 (1949). The phrase "within three hundred feet" modifies "abutters to the abutters" and does not create a standalone category of parties in interest. To read § 11 otherwise would "render [a] portion of it meaningless," Adamowicz v. Ipswich, 395 Mass. 757, 760 (1985), which we decline to do.

Murrow also claims she has standing pursuant to the fourth sentence of G. L. c. 40A, § 11, which states that "[t]he assessors maintaining any applicable tax list shall certify to the . . . special permit granting authority the names and addresses of parties in interest[,]" which "shall be conclusive for all purposes." Ibid. Murrow claims that, because she received notice of the public hearing and of the ZBA's decision, presumably by virtue of her appearance on a certified abutters list, she qualifies for the rebuttable presumption, even if she

does not meet the definition in the third sentence of § 11. As a plain reading of § 11 belies Murrow's claim, we disagree.

As previously explained, the third sentence of § 11 provides a limited definition of "parties in interest" to be used throughout G. L. c. 40A. In particular, it states that more remote abutters, i.e., abutters to abutters within three hundred feet, are considered parties in interest "as they appear on the most recent applicable tax list." As discussed above, Murrow does not qualify as a party in interest under this provision. The fourth sentence of § 11 provides that tax assessors "shall certify . . . the names and addresses of parties in interest," which is a reference to the definition of parties in interest expressed in the previous sentence. It does not expand the earlier definition, nor does it empower the tax assessor to identify individuals as parties in interest who do not meet the limited statutory definition.

In addition, this provision states that the tax assessor's certification of parties in interest "shall be conclusive for all purposes." In light of the limited scope of the assessor's certification in the context of the notice requirement of § 11, we do not interpret "for all purposes" to mean that the tax list creates new parties in interest. To do so would nullify the clear and unambiguous definition set forth in the previous sentence. Furthermore, such an interpretation would ignore much

of the standing jurisprudence related to G. L. c. 40A, §§ 8,[3] 11,
and 17.[4]  See <u>Chongris</u> v. <u>Bd. of Appeals of Andover</u>, 17 Mass.
App. Ct. 999, 1000 (1984), citing <u>Turner</u> v. <u>Bd. of Appeals of</u>
<u>Milton</u>, 305 Mass. 189, 192-193 (1940).  Rather, the tax list
identifies and certifies owners of relevant properties, a subset
of which may fit within the narrow confines of the "parties in
interest" definition, and that certification of ownership shall
be conclusive.  Put another way, although the list may contain
individuals who do not qualify as "parties in interest" under
the statutory definition, such as Murrow, the assessor's
certification is conclusive as to who owns what parcel for the
purposes of the notice requirement; it is not an unassailable
list of parties with standing.[5]

---

[3] This section permits "any person aggrieved by reason of
his inability to obtain a permit or enforcement action" to
maintain an appeal to the permit granting authority.

[4] This section allows a "person aggrieved" to seek judicial
review of a decision, or failure to take final action, by the
board of appeals or special permit granting authority.

[5] Additionally, the Somerville Zoning Code permits the ZBA
to provide notice to parties described in § 11 as well as "other
owners as may be deemed by the Board of Appeals to be
interested."  Notice provided to parties the ZBA deems
interested in addition to those statutorily required to receive
notice does not alter the statutory requirement and is not
conclusive for standing purposes.

Taking the facts in the complaint in the light most favorable to Murrow, her name appears on two abutter's lists,[6] and she received a notice of the public hearing and of the ZBA's ultimate decision.  This does not entitle her to the rebuttable presumption afforded parties in interest under the statute.  Were we to adopt Murrow's reasoning and find otherwise, tax assessors would be empowered to confer standing on parties who are otherwise not identified in § 11 as parties in interest.  We decline to create such an impracticable result.

b.  Burden to plead aggrievement.  Finally, Murrow claims that the judge improperly placed on her the burden to plead that she is aggrieved by Esh's application for special permit.  We disagree.

Murrow properly observes that if a plaintiff qualifies for the rebuttable presumption of "standing as an aggrieved person, a defendant must offer evidence warranting a finding contrary to

_____

[6] We note that, in our review of the record, these list excerpts appear unadorned, lacking any identifiable insignia or indicia as to their sources.  One is labelled "Abutting Properties for [Esh's property] (300 feet)" and contains a handwritten notation:  "[Esh] Abutters for ZBA 2015-89," the docket number for Esh's special permit case.  The other contains a notation of "[Esh] Abutters for ZBA 2013-62," the docket number for Esh's earlier special permit case.  Furthermore, as the judge found, these lists "[do] not have the certification of the tax assessor, and therefore [do] not fit the statutory definition of a" certified list.  In light of our statutory discussion, we need not reach the issue of whether the list was actually certified.

the presumed fact." Marinelli, 440 Mass. at 258. However, as here, when a plaintiff fails to meet the "party in interest" designation, she may nevertheless have standing if she is a person aggrieved, in other words, if the "permit causes, or threatens with reasonable likelihood, a tangible and particularized injury to a private property or legal interest protected by zoning law." Standerwick v. Zoning Bd. of Appeals of Andover, 64 Mass. App. Ct. 337, 340 (2005), S.C. 447 Mass. 20 (2006), citing Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 723 (1996). But it is always a plaintiff's burden to demonstrate her aggrievement. Standerwick v. Zoning Bd. of Appeals, 447 Mass. at 34-35 n.20.

Here, the judge did not err in dismissing Murrow's complaint for lack of standing. Because Murrow does not qualify as a party in interest and is not entitled to the presumption, the burden remained on her to put forth credible facts of her specialized injury. Despite having the opportunity to do so at the hearing, Murrow chose to rely on the bald allegations in her complaint, which fail to set forth a particularized injury caused by Esh's proposed expansion. Instead, Murrow claims personal damages in only two paragraphs of her factual allegations, where she generally alleged that Esh's "recreational use" and "proposed increase in size and occupancy" would be "detrimental to Murrow and the neighborhood by

increasing the potential for overcrowding and undue concentration of population, discouraging housing for persons of all income levels, enhancing danger from fire, diminishing the value of surrounding properties, and adding to noise, light, traffic, loss of privacy, and trespass."

This conclusory statement, unadorned with particularized details, is insufficient to establish aggrievement. See Nickerson v. Zoning Bd. of Appeals of Raynham, 53 Mass. App. Ct. 680, 683 (2002) ("While the plaintiff undoubtedly is inconvenienced by the heavy traffic . . . this evidence is an insufficient predicate for finding that he is a 'person aggrieved'"). Compare Marashlian, supra at 723 (standing found where defendant's hotel project would likely increase traffic and eliminate some public parking, upon which plaintiffs relied for "business and personal needs"); Bertrand v. Board of Appeals of Bourne, 58 Mass. App. Ct. 912, 912 (2003) (finding standing existed where plaintiff alleged environmental impacts of the septic system, increase in artificial light and noise, and decrease in privacy resulting from defendant building two houses directly behind the plaintiff's house). Therefore, contrary to Murrow's claim, the judge did not err in finding that Murrow had the burden to show an "alleged injury" that was "special and different from the concerns of the rest of the community" and failed to do so. Compare Boston Edison Co. v. Boston Redev.

Authy., 374 Mass. 37, 46 (1977) (Boston Edison has standing as a "person aggrieved" where its loss is "direct, substantial, and ascertainable").

c. Esh's demand for costs, damages, and attorney's fees. Although Murrow has failed to persuade us that the judge erred in dismissing her claims, sanctions are not warranted as this appeal is neither frivolous nor was it initiated in bad faith. See Avery v. Steele, 414 Mass. 450, 455 (1993). We therefore decline to exercise our discretion to award attorney's fees, costs, and damages. See Masterpiece Kitchen & Bath, Inc. v. Gordon, 425 Mass. 325, 330 (1997).

Judgment affirmed.

RUBIN, J., concurring.  This case involves an important question that has vexed the judges of the trial court, who have reached different conclusions about it.  I join the court's opinion, but add a few words since the statute says the assessors' certified list of "the names and addresses of parties in interest" shall be "conclusive for all purposes," and, at least at first blush, it may look like we are holding it is not conclusive for at least one purpose, the rebuttable presumption of standing given by our courts to those defined by the statute as "parties in interest."  See G. L. c. 40A, § 11.

The question of standing involves a construction of who is a "person aggrieved" under G. L. c. 40A, § 17.  While some "parties in interest" may also be "person[s] aggrieved," and vice versa, the concepts are different.  See, e.g., Denneny v. Zoning Bd. of Appeals of Seekonk, 59 Mass. App. Ct. 208, 212-213 (2003) (plaintiff was an abutter to an abutter within three hundred feet of the petitioner's property line, and thus a "party in interest," but was not a "person aggrieved" by the board's decision).

The prior version of what is now G. L. c. 40A, § 11, provided that,

> "The board of appeals shall fix a reasonable time for the hearing of any appeal or other matter referred to it or any petition for a variance, and give public notice thereof in an official publication, or a newspaper of general circulation, in the city or town, and also send notice by

mail, postage prepaid, to the petitioner and to the owners of all property deemed by the board to be affected thereby, as they appear on the most recent local tax list, and to the planning board of such city or town." G. L. c. 40A, § 17, as appearing in St. 1954, c. 368, § 2.[1]

In Marotta v. Board of Appeals of Revere, 336 Mass. 199 (1957), the Supreme Judicial Court held "that there is a presumption that property owners to whom the board in the performance of its statutory obligation has sent notice as persons 'deemed by the board to be affected thereby' have an interest and are persons aggrieved. 'It ordinarily must be presumed that such determination of landowners likely to be affected will be made in good faith and exclude none fairly within the scope of the statute.' Godfrey v. Building Commissioner of Boston, 263 Mass. 589, 591 [1928]." Id. at 204 (footnote omitted). Of the rebuttable presumption of standing it articulated, the court also said that "it is a rule of reason which, in the absence of direct evidence on the issue, will hold the board to the implications of its own determination and carry the appealing parties over the jurisdictional threshold." Ibid.

Apparently concerned about the discretion given the zoning boards of appeals to determine under this section who would

---

[1] When the Zoning Act underwent its last major recodification in 1975, the sections were renumbered. See St. 1975, c. 808, § 3. The current section 11 corresponds to section 17 from the 1954 codification, and the current section 17 corresponds to the prior section 21.

receive notice, the Legislature in 1975 amended it. Rather than leaving the determination of who should get notice to the judgment of the ZBAs, it created the previously unknown legal category, "parties in interest:" As originally enacted, the statute said "'[p]arties in interest' as used in this chapter shall mean the petitioner, abutters, owners of land directly opposite on any public or private street or way and owners of land within three hundred feet of the property line all as they appear on the most recent applicable tax list, notwithstanding that the land of any such owner is located in another city or town, the planning board of the city or town, and, the planning board of every abutting [city or town]." G. L. c. 40A, § 11, as appearing in St. 1975, c. 808, § 3. Under this definition, Murrow would have been a party in interest. The statute was further amended, however, in 1979 to partially narrow "parties in interest," so that instead of including all "owners within three hundred feet of the property line" it now includes only "abutters of the abutters within three hundred feet of the property line of the petitioner." St. 1979, c. 117. Parties in interest, as defined by the statute, are entitled to notice. See G. L. c. 40A, §§ 9, 9A, 10, 11, 15, 16.

The 1975 amendment also added the language at issue in this case, providing, "[t]he assessors maintaining any applicable tax list shall certify to the permit granting authority or special

permit granting authority the names and addresses of parties in interest and such certification shall be conclusive for all purposes."  While ultimately we need not decide the issue in this case, I note that it is not clear with respect to what "such certification" is supposed to be conclusive.  Perhaps it is conclusive with respect to "the names and addresses" of parties in interest, and if a person within the statutory definition is missing from the list, he or she can nonetheless be notified.  Perhaps it is supposed to be conclusive only for all purposes of the authority to which the certification is made.  Or perhaps, as Ms. Murrow argues, it is supposed to be conclusive as to what owners meet the statutory definition, providing a conclusive list identifying the names and addresses of "parties in interest."

Even assuming the latter is the case, however, ultimately we are not concerned here with who are deemed "parties in interest."  We are concerned with who is entitled to the rebuttable presumption of standing.  The statute does not say that "parties in interest" are to be given a presumption that they are "persons aggrieved."  If it did, perhaps the certified list would control for that purpose, though, again, we need not resolve that question.

The presumption of standing articulated in Marotta was a judicial creation, and, in the absence of legislation, its scope

must be judicially determined. It actually originated both out of deference to the statutorily mandated determinations of the zoning appeals boards and as a means of holding those boards to their determinations as to which property owners were "affected" by their decisions: if a board determined that a property owner would be affected by its decision, as evidenced by its notifying the property owner, that property owner's appeal would be "carr[ied] . . . over the jurisdictional threshold" unless there was "direct evidence on the issue." Marotta, 336 Mass. at 204.

Marotta itself of course does not address the significance of being a "party in interest" -- a concept the Legislature did not adopt until almost twenty years after that decision -- and so the use of that designation to create a presumption of standing cannot have been one of the "purposes" contemplated by the Legislature in 1975. Rather, appellate cases decided after the 1975 amendments to the statute have given a judge-made rebuttable presumption of standing to this newly-defined category. They have done so by citation to Marotta, and without any explicit analysis of why the rebuttable presumption, originally given to those deemed by the board to be affected, should be given to statutorily described "parties in interest." See, e.g., Watros v. Greater Lynn Mental Health & Retardation Assn., Inc., 421 Mass. 106, 111 (1995); Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721 (1996); 81 Spooner

Road, LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 700 (2012); Valcourt v. Zoning Bd. of Appeals of Swansea, 48 Mass. App. Ct. 124, 127-128 (1999); Choate v. Zoning Bd. of Appeals of Mashpee, 67 Mass. App. Ct. 376, 381 (2006).

In my view, however, the reason our courts provide this rebuttable presumption is clear:  it is not because the parties have been given notice, which is what the legislature has required be provided to "parties in interest," or because they have been deemed "parties in interest," whether by a tax assessor, a zoning board of appeals, or anyone else.  It is because they meet the definition of "parties in interest" set out by the Legislature.  I believe our cases and those of the Supreme Judicial Court are best understood to reflect a conclusion that, if the Legislature believes those individuals and entities are entitled to notice, they are also entitled to a rebuttable presumption of standing.  Cf. Standerwick v. Zoning Bd. of Appeals of Andover, 447 Mass. 20, 33 (2006) (presumption of standing exists because "those entitled to notice of the proceedings are presumed to have the requisite interest").

I would not expand the category of those who are entitled to the presumption of standing to include those outside the definition who happen to be on a tax assessors' certified list, nor would I contract it to exclude any of those within the definition who are left off such a list.  Whether someone within

the definition has been left off the certified list, or, as here, someone not within the definition has been added, or, indeed, whether or not the certified name or address is wrong, I believe those actually within the definition are the ones entitled to the judicially-created rebuttable presumption of standing and, consequently, that a court must independently determine whether a party meets the definition. Consequently, even if the tax assessors' certified list amounts to a conclusive determination of who are the "parties in interest" that must receive notice, that list is ultimately irrelevant to the determination the court must make of which parties are entitled under the case law to the rebuttable presumption they are "persons aggrieved." Ms. Murrow is not entitled to that presumption; someone in her circumstance might nonetheless be a "person aggrieved," but the burden was on her to demonstrate that fact, and, since she failed to do so, the judgment must be affirmed.