Rufo, Robert C., J.
In this Motion for Summary Judgment, Defendant challenges Plaintiffs standing to appeal a decision of the Provincetown Zoning Board of Appeals granting Defendant a special permit to install a swimming pool on residential property it owned in Provincetown, Massachusetts. For the reasons discussed below, Defendants’ Motion for Summary Judgment is DENIED.
FACTUAL BACKGROUND
Bay Harbour, LLC II (“Defendant”) owned property designated as Lot 12 in the Bay Harbour residential subdivision in Provincetown, Massachusetts.[2] The *635 Provincetown Zoning Board of Appeals (“Board") granted Defendant a special permit to install an in-ground swimming pool on the property, with conditions requiring low lighting and prohibiting outdoor music so as to minimize potential light and noise nuisances to the neighbors. Plaintiff, an abutter, is the owner of Lot 11. Plaintiff seeks to invalidate the grant of the special permit, asserting that it is aggrieved by the noise, light, and diminution in Lot 1 l’s property value caused by the Board’s approval of Defendant’s special permit application.
DISCUSSION
A. Standard of Review
Summary judgment will be granted where no genuine issues exist as to any material fact and where the moving party is entitled to judgment as a matter of law. Community National Bank v. Dawes, 369 Mass. 550, 554 (1976). A party moving for summary judgment that does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s claim or by demonstrating that proof of that element is “unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
B. Standing
Pursuant to G.L.c. 40A, §17, “any person aggrieved by a decision of the board of appeals or any special permit granting authority . . . may appeal ... to the superior court department.” Defendant asserts that Plaintiff lacks standing to appeal the Board’s decision because Plaintiff is not a “person aggrieved” as defined by c. 40A, §17. However, an abutting landowner presumptively qualifies as a “person aggrieved.” Marashlian v. Zoning Board of Appeals of Newburyport, 421 Mass. 719, 721 (1996). Once the abutter’s standing is challenged, the burden shifts to the abutter to show it has suffered, or likely will suffer, a unique harm if the grant of the special permit is affirmed. Barvenick v. Board of Alderman of Newton, 33 Mass.App.Ct. 129, 132 (1992). Accordingly, the Plaintiff must provide evidence of “a plausible claim of a definite violation of a private right, a private property interest, or a private legal interest” that is distinct from the harm suffered by the community at large. Bell v. Zoning Board of Appeals of Gloucester, 429 Mass. 551, 554 (1999) (internal citations and quotations omitted).
Here, Plaintiff has submitted an affidavit from an appraiser stating that the value of Lot 11 will suffer $45,000 in diminution as a result of the special permit. “Diminution in the value of real estate is a sufficient basis for standing only where it is derivative of or related to cognizable interests protected by the applicable zoning scheme.” Kenner v. Chatham Zoning Board of Appeals, 459 Mass. 115, 123 (2011). As the express purpose of the Provincetown Zoning Bylaw is “to promote the health, safety, convenience, and welfare of the inhabitants ...” Plaintiffs claim of diminution appears sufficiently “related to cognizable interests” protected by this broadly-inclusive regulation.
Finally, “(i]n considering a motion for summary judgment, the court does not pass upon the credibility of witnesses or the weight of the evidence or make its own decision of facts.” Attorney Gen. v. Bailey, 386 Mass. 367, 370 (1982) (internal citations and quotations omitted). The appraisal report is evidence that Plaintiffs claims constitute more than “speculative personal opinion.” Barvenick, 33 Mass.App.Ct. at 132. Thus, Plaintiff has alleged special injury sufficient to withstand summary judgment. Defendant’s Motion for Summary Judgment is therefore respectfully DENIED.
ORDER
For the foregoing reasons, it is hereby ORDERED that Defendant’s Motion for Summary Judgment is DENIED.

On May 20, 2011, Bay Harbour, LLC II conveyed Lot 12 to Tara L. Sandler and Jennifer Davidson, Trustees of the Sandler-Davidson Living Trust.