MEADE, J.
*233 Following the approval by the zoning board of appeals of Somerville (ZBA) of a modification of a special permit submitted by Esh Circus Arts, LLC, Ellen Waylonis, and Belam II, LLC, the property owner (collectively Esh unless otherwise noted), Claudia Murrow appealed the approval to the Land Court, *234 where a judge dismissed Murrow's complaint due to her lack of standing. Judgment entered and Murrow appeals. We affirm.
1. Background. Esh operates a "for-profit [circus] school for instruction in arts, skills, or vocational training" in Somerville. Esh held a special permit that the ZBA previously granted in an earlier case. On September 30, 2015, Esh applied for what appears to be a modification to that special permit from the ZBA, seeking to increase the floor area and alter the site plan. Notice of the application and the public hearing "was given to persons affected and was published and posted, all as required by G. L. c. 40A, § 11, and the Somerville Zoning Ordinance," as noted in the ZBA decision. After a public hearing, on November 4, 2015, the ZBA unanimously voted to approve Esh's application. The decision was filed with the city clerk on November 13, 2015.
*962 Murrow received notice of the ZBA decision and filed a complaint in the Land Court on December 3, 2015. She alleged, among other things, that Esh's proposed changes would cause a detrimental health, safety, and welfare effect on Murrow and Esh's surrounding neighbors. Waylonis filed a motion to dismiss Murrow's complaint on July 8, 2016, arguing that Murrow was not an aggrieved party and therefore lacked standing. The parties filed an excerpt of the Somerville Zoning Code and a list of abutters for the judge's consideration. Following a hearing, the judge allowed the motion to dismiss on August 26, 2016, finding that Murrow was not a party in interest entitled to a rebuttable presumption of aggrievement, and that her complaint failed to state facts that would establish her standing to appeal the ZBA's decision.
2. Discussion. We review the allowance of a motion to dismiss de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. See Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676, 940 N.E.2d 413 (2011). In order to withstand a motion to dismiss, the complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636, 888 N.E.2d 879 (2008), quoting from Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
a. Rebuttable presumption of aggrievement. Murrow claims that the judge erred in finding that Murrow lacked a rebuttable presumption of aggrievement as a "party in interest" under G. L. c. 40A, § 11. We disagree.
To have standing to challenge the decision of a municipal zoning authority, a plaintiff must be a person aggrieved.
*235 G. L. c. 40A, § 17. See Marinelli v. Board of Appeals of Stoughton, 440 Mass. 255, 257, 797 N.E.2d 893 (2003). Aggrieved person status is jurisdictional. Denneny v. Zoning Bd. of Appeals of Seekonk, 59 Mass. App. Ct. 208, 211, 794 N.E.2d 1269 (2003), citing Barvenik v. Aldermen of Newton, 33 Mass. App. Ct. 129, 131, 597 N.E.2d 48 (1992). Demonstrating aggrievement requires a plaintiff to show she has suffered a specialized, cognizable injury "not merely reflective of the concerns of the community." Denneny, supra at 211-212, 794 N.E.2d 1269, citing Harvard Square Defense Fund, Inc. v. Planning Bd. of Cambridge, 27 Mass. App. Ct. 491, 492-493, 540 N.E.2d 182 (1989). A plaintiff is entitled to a rebuttable presumption of aggrievement if she is a "party in interest" under § 11.[2] Id. at 212, 794 N.E.2d 1269. As defined there, "party in interest" refers to "the petitioner, abutters, owners of land directly opposite on any public or private street or way, and abutters to the abutters within three hundred feet of the property line of the petitioner as they appear on the most recent applicable tax list." G. L. c. 40A, § 11. By § 11's strict terms, Murrow-who lives across the street from, but not directly opposite, Esh's property-is not, and does not allege to be, the petitioner, an abutter, or the owner of land directly across from Esh's property.
*963 However, Murrow does claim that she is a party in interest as one of the "abutters to the abutters within three hundred feet" because she lives within three hundred feet of the Esh property. We disagree. When interpreting a statute, "each clause or phrase is to be construed with reference to every other clause or phrase without giving undue emphasis to any one group of words." Worcester v. College Hill Properties LLC, 465 Mass. 134, 139, 987 N.E.2d 1236 (2013), quoting from Selectmen of Topsfield v. State Racing Commn., 324 Mass. 309, 312-313, 86 N.E.2d 65 (1949). The phrase "within three hundred feet" modifies "abutters to the abutters" and does not create a standalone category of parties in interest. To read § 11 otherwise would "render [a] portion of it meaningless," Adamowicz v. Ipswich, 395 Mass. 757, 760, 481 N.E.2d 1368 (1985), which we decline to do.
Murrow also claims she has standing pursuant to the fourth sentence of G. L. c. 40A, § 11, which states that "[t]he assessors *236 maintaining any applicable tax list shall certify to the ... special permit granting authority the names and addresses of parties in interest[,]" which "shall be conclusive for all purposes." Ibid. Murrow claims that, because she received notice of the public hearing and of the ZBA's decision, presumably by virtue of her appearance on a certified abutters list, she qualifies for the rebuttable presumption, even if she does not meet the definition in the third sentence of § 11. As a plain reading of § 11 belies Murrow's claim, we disagree.
As previously explained, the third sentence of § 11 provides a limited definition of "parties in interest" to be used throughout G. L. c. 40A. In particular, it states that more remote abutters, i.e., abutters to abutters within three hundred feet, are considered parties in interest "as they appear on the most recent applicable tax list." As discussed above, Murrow does not qualify as a party in interest under this provision. The fourth sentence of § 11 provides that tax assessors "shall certify ... the names and addresses of parties in interest," which is a reference to the definition of parties in interest expressed in the previous sentence. It does not expand the earlier definition, nor does it empower the tax assessor to identify individuals as parties in interest who do not meet the limited statutory definition.
In addition, this provision states that the tax assessor's certification of parties in interest "shall be conclusive for all purposes." In light of the limited scope of the assessor's certification in the context of the notice requirement of § 11, we do not interpret "for all purposes" to mean that the tax list creates new parties in interest. To do so would nullify the clear and unambiguous definition set forth in the previous sentence. Furthermore, such an interpretation would ignore much of the standing jurisprudence related to G. L. c. 40A, §§ 8,[3] 11, and 17.[4] See Chongris v. Bd. of Appeals of Andover, 17 Mass. App. Ct. 999, 1000, 459 N.E.2d 1245 (1984), citing Turner v. Bd. of Appeals of Milton, 305 Mass. 189, 192-193, 25 N.E.2d 203 (1940). Rather, the tax list identifies and certifies owners of relevant properties, a subset of which may fit within the narrow confines of the "parties in interest" definition, and that certification *237 of ownership shall be conclusive. Put another way, although the list *964 may contain individuals who do not qualify as "parties in interest" under the statutory definition, such as Murrow, the assessor's certification is conclusive as to who owns what parcel for the purposes of the notice requirement; it is not an unassailable list of parties with standing.[5]
Taking the facts in the complaint in the light most favorable to Murrow, her name appears on two abutter's lists,[6] and she received a notice of the public hearing and of the ZBA's ultimate decision. This does not entitle her to the rebuttable presumption afforded parties in interest under the statute. Were we to adopt Murrow's reasoning and find otherwise, tax assessors would be empowered to confer standing on parties who are otherwise not identified in § 11 as parties in interest. We decline to create such an impracticable result.
b. Burden to plead aggrievement. Finally, Murrow claims that the judge improperly placed on her the burden to plead that she is aggrieved by Esh's application for special permit. We disagree.
Murrow properly observes that if a plaintiff qualifies for the rebuttable presumption of "standing as an aggrieved person, a defendant must offer evidence warranting a finding contrary to the presumed fact." Marinelli, 440 Mass. at 258, 797 N.E.2d 893. However, as here, when a plaintiff fails to meet the "party in interest" designation, she may nevertheless have standing if she is a person aggrieved, in other words, if the "permit causes, or threatens with reasonable likelihood, a tangible and particularized injury to a private property or legal interest protected by zoning law." Standerwick v. Zoning Bd. of Appeals of Andover, 64 Mass. App. Ct. 337, 340, 833 N.E.2d 181 (2005), S.C. 447 Mass. 20, 849 N.E.2d 197 (2006), citing *238 Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 723, 660 N.E.2d 369 (1996). But it is always a plaintiff's burden to demonstrate her aggrievement. Standerwick v. Zoning Bd. of Appeals, 447 Mass. at 34-35 n.20, 849 N.E.2d 197.
Here, the judge did not err in dismissing Murrow's complaint for lack of standing. Because Murrow does not qualify as a party in interest and is not entitled to the presumption, the burden remained on her to put forth credible facts of her specialized injury. Despite having the opportunity to do so at the hearing, Murrow chose to rely on the bald allegations in her complaint, which fail to set forth a particularized injury caused by Esh's proposed expansion. Instead, Murrow claims personal damages in only two paragraphs of her factual allegations, where she generally alleged that Esh's "recreational use" and "proposed increase in size and occupancy" would be "detrimental to Murrow and the *965 neighborhood by increasing the potential for overcrowding and undue concentration of population, discouraging housing for persons of all income levels, enhancing danger from fire, diminishing the value of surrounding properties, and adding to noise, light, traffic, loss of privacy, and trespass."
This conclusory statement, unadorned with particularized details, is insufficient to establish aggrievement. See Nickerson v. Zoning Bd. of Appeals of Raynham, 53 Mass. App. Ct. 680, 683, 761 N.E.2d 544 (2002) ("While the plaintiff undoubtedly is inconvenienced by the heavy traffic ... this evidence is an insufficient predicate for finding that he is a 'person aggrieved' "). Compare Marashlian, supra at 723, 660 N.E.2d 369 (standing found where defendant's hotel project would likely increase traffic and eliminate some public parking, upon which plaintiffs relied for "business and personal needs"); Bertrand v. Board of Appeals of Bourne, 58 Mass. App. Ct. 912, 912, 790 N.E.2d 704 (2003) (finding standing existed where plaintiff alleged environmental impacts of the septic system, increase in artificial light and noise, and decrease in privacy resulting from defendant building two houses directly behind the plaintiff's house). Therefore, contrary to Murrow's claim, the judge did not err in finding that Murrow had the burden to show an "alleged injury" that was "special and different from the concerns of the rest of the community" and failed to do so. Compare Boston Edison Co. v. Boston Redev. Authy., 374 Mass. 37, 46, 371 N.E.2d 728 (1977) (Boston Edison has standing as a "person aggrieved" where its loss is "direct, substantial, and ascertainable").
c. Esh's demand for costs, damages, and attorney's fees. Although Murrow has failed to persuade us that the judge erred in *239 dismissing her claims, sanctions are not warranted as this appeal is neither frivolous nor was it initiated in bad faith. See Avery v. Steele, 414 Mass. 450, 455, 608 N.E.2d 1014 (1993). We therefore decline to exercise our discretion to award attorney's fees, costs, and damages. See Masterpiece Kitchen & Bath, Inc. v. Gordon, 425 Mass. 325, 330, 680 N.E.2d 1150 (1997).
Judgment affirmed.

This rebuttable presumption originated in Marotta v. Board of Appeals of Revere, 336 Mass. 199, 204, 143 N.E.2d 270 (1957), based on the principle "that those entitled to notice of the proceedings are presumed to have the requisite interest" for standing purposes. Standerwick v. Zoning Bd. of Appeals, 447 Mass. 20, 33, 849 N.E.2d 197 (2006). Property owners entitled to notice are those defined in the third sentence of § 11. Watros v. Greater Lynn Mental Health & Retardation Assn., 421 Mass. 106, 110-111, 653 N.E.2d 589 (1995).

This section permits "any person aggrieved by reason of his inability to obtain a permit or enforcement action" to maintain an appeal to the permit granting authority.

This section allows a "person aggrieved" to seek judicial review of a decision, or failure to take final action, by the board of appeals or special permit granting authority.

Additionally, the Somerville Zoning Code permits the ZBA to provide notice to parties described in § 11 as well as "other owners as may be deemed by the Board of Appeals to be interested." Notice provided to parties the ZBA deems interested in addition to those statutorily required to receive notice does not alter the statutory requirement and is not conclusive for standing purposes.

We note that, in our review of the record, these list excerpts appear unadorned, lacking any identifiable insignia or indicia as to their sources. One is labelled "Abutting Properties for [Esh's property] (300 feet)" and contains a handwritten notation: "[Esh] Abutters for ZBA 2015-89," the docket number for Esh's special permit case. The other contains a notation of "[Esh] Abutters for ZBA 2013-62," the docket number for Esh's earlier special permit case. Furthermore, as the judge found, these lists "[do] not have the certification of the tax assessor, and therefore [do] not fit the statutory definition of a" certified list. In light of our statutory discussion, we need not reach the issue of whether the list was actually certified.