HOARD vs. JOYCE, MISC 18-000276

































 
 EMILY HOARD and JOHN BARRETT, Plaintiffs, v. ERIN V. JOYCE, JAMES ENG, DARRYL MIKAMI, and JAMES N. DOWNEY, as the Town of Braintree Planning Board, CARLOS TERRON, and UNIVERSITY AVENUE NORWOOD LLC, Defendants
 MISC 18-000276 
 JANUARY 13, 2021
NORFOLK, ss.
FOSTER, J.
MEMORANDUM AND ORDER ALLOWING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT














 Procedural History 





 Emily Hoard, John Barrett, Helen Fredholm, and Richard Fredholm filed their Complaint on May 31, 2018. The Complaint is an appeal under G.L. c. 40A, § 17, of a decision of the Town of Braintree Planning Board (Board), issued May 9, 2018 and filed with the Town Clerk on May 17, 2018 (decision), issuing a site plan review and use special permit (special permit) to defendants Carlos Terron, owner of HIITCore Fitness (Terron), and University Avenue Norwood LLC (UAN). The special permit is to use a portion of the commercial property at 180 Allen Street, Braintree, for a health and fitness center. 





 The case management conference was held on July 16, 2018. At a status conference on March 14, 2019, the claims of plaintiffs Helen Fredholm and Richard Fredholm were dismissed without prejudice, leaving Emily Hoard and John Barrett as the plaintiffs. On May 16, 2019, Ms. Hoard and Mr. Barrett filed Plaintiff's Motion in Opposition to Defendant Carlos Terron's Motion for Summary Judgment, Memorandum in Opposition to Plaintiff's Motion in Opposition to Defendant Carlos Terron's Motion for Summary Judgment (Plaintiffs' Opposition), and Affidavit of John Barrett in Support of Plaintiff's Motion in Opposition to Defendant Carlos Terron's Motion for Summary Judgment. On May 21, 2019, Terron filed Defendant Carlos Terron's Motion for Summary Judgment (Defendant's Motion for Summary Judgment), Defendant Carlos Terron's Memorandum in Support of Motion for Summary Judgment, Defendant Carlos Terron's Statement of Facts for Summary Judgment (Facts), and the Affidavit of Douglas F. Hartman in Support of Motion for Summary Judgment (Hartman Aff.). [Note 1] 





 Hearing on the Defendant's Motion for Summary Judgment was held on June 7, 2019. The defendants were given leave to file reply briefs, and the Defendant, Carlos Terron's Reply to Plaintiffs' Opposition to the Defendant's Motion for Summary Judgment, Defendant Town of Braintree Planning Board's Reply Brief Concerning Defendant Carlos Terron's Motion for Summary Judgment, and the Affidavit of John J. Goldrosen were filed on June 24, 2019. The parties informed the court that they were undertaking mediation, and consideration of the Defendant's Motion for Summary Judgment was stayed. On November 29, 2019, the parties reported that efforts at settlement had failed, and the Defendant's Motion for Summary Judgment was taken under advisement. This memorandum and order follows. 





Summary Judgment Standard 





 Summary judgment may be entered if the "pleadings, depositions, answers to interrogatories, and responses to requests for admission . . . together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Mass. R. Civ. P. 56(c). In viewing the factual record presented as part of the motion, the court is to draw "all logically permissible inferences" from the facts in favor of the non-moving party. Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202 , 203 (1991). "Summary judgment is appropriate when, 'viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.'" Regis College v. Town of Weston, 462 Mass. 280 , 284 (2012), quoting Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117 , 120 (1991). Where the non-moving party bears the burden of proof, the "burden on the moving party may be discharged by showing that there is an absence of evidence to support the non-moving party's case." Kourouvacilis v. General Motors Corp., 410 Mass. 706 , 711 (1991), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see Regis College, 462 Mass. at 291-292. 





Facts 





 In the Plaintiff's Opposition, Ms. Hoard and Mr. Barrett did not dispute any of the facts set forth in the Facts. The following facts are therefore undisputed. 





 1. Ms. Hoard and Mr. Barrett own and reside at 206 Allen Street, Braintree, Massachusetts (206 Allen). Facts ¶ 4. 





 2. Ms. Hoard and Mr. Barrett also own property at 196 Allen Street, Braintree, Massachusetts (196 Allen). Mr. Barrett separately also owns 202 Allen Street, Braintree, Massachusetts (202 Allen). Facts ¶¶ 4, 5. 





 3. On March 5, 2018, Terron filed his application for a special permit with the Board to run HIITCore Fitness (HIITCore) at 180 Allen Street, Braintree, Massachusetts (180 Allen). UAN owns 180 Allen. The special permit was approved and the decision was filed with the Town Clerk's office on May 17, 2018. Facts ¶¶ 1, 2; Hartman Aff. Exh. A. 





 4. As set forth in the decision, HIITCore is a commercial recreation facility that runs group fitness classes, personal training, and youth birthday parties. 180 Allen is roughly 15,000 square feet commercial building and HIITCore will be using 5,800 square feet of that space. Hartman Aff. Exh. A, page 2. 





 5. The special permit allows HIITCore to operate Monday to Friday from 5:30am to 7pm and 8am to 3:45pm on Saturdays and Sundays. Hartman Aff. Exh. A, page 11. 





 6. HIITCore has started business operation subsequent to the approval of the special permit. Facts ¶ 9. 





 7. Allen Street is a dead-end street and 180 Allen is located at the end of the street. It is the only commercially zoned property on Allen Street. There are six residential homes on Allen Street. Complaint ¶¶ 3, 7. 





 8. 196 Allen abuts 180 Allen. 202 and 206 Allen do not abut 180 Allen. Facts ¶¶ 6, 7. 





 9. After the special permit was issued, Terron began operating his training facility, HIITCore. Facts ¶ 9. 





 10. In an email correspondence sent by Barrett to Terron's attorney, Douglas Hartman, Barrett representing the plaintiffs stated that there had been no negative detriment to the plaintiffs in the 6 weeks after HIITCore had started its business operation. Barrett also stated that the operation of HIITCore had not been any more detrimental than the business usage that had occurred in the 23 years Barrett lived at his residence. Facts ¶¶ 10-11; Hartman Aff. Exh. B, pages 1, 2.





 11. In their responses to requests for admissions, Ms. Hoard and Mr. Barrett admitted that there has been no detriment and/or harm to them caused by HIITCore's business and business activities and that HIITCore's business activities have not been more detrimental that the business uses that have occurred in the Allen Street neighborhood in the last 23 years. Facts ¶ 13; Hartman Aff. Exhs. C, D. 





Discussion 





 Terron moves for summary judgment on the grounds that Ms. Hoard and Mr. Barrett lack standing to bring this action under G.L. c. 40A, § 17. To have standing to challenge the decision of a municipal zoning authority, a plaintiff must be a person aggrieved. G. L. c. 40A, § 17; Murchison v. Zoning Bd. of Appeals of Sherborn; 485 Mass. 209 , 212 (2020); 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692 , 700 (2012). Aggrieved person status is jurisdictional. Denneny v. Zoning Bd. of Appeals of Seekonk, 59 Mass. App. Ct. 208 , 211 (2003); Barvenik v. Aldermen of Newton, 33 Mass. App. Ct. 129 , 131 (1992). Demonstrating aggrievement requires a plaintiff to show she has suffered a specialized, cognizable injury "not merely reflective of the concerns of the community." Denneny, 59 Mass. App. Ct. at 211; Harvard Square Defense Fund, Inc. v. Planning Bd. of Cambridge, 27 Mass. App. Ct. 491 , 492493 (1989). Rather, there must be "evidence of an injury particular to the plaintiffs, as opposed to the neighborhood in general, the injury must be causally related to violation of zoning laws, and it must be more than de minimis." Murchison, 485 Mass. at 214. 





 "A plaintiff is entitled to a rebuttable presumption of aggrievement if she is a 'party in interest' under § 11." Murrow v. Esh Circus Arts, LLC, 93 Mass. App. Ct. 233 , 235 (2018). As owners of the abutting property 196 Allen, Ms. Hoard and Mr. Barrett have a presumption of standing. Their presumption of standing may be rebutted by evidence that their alleged harm is not to an interest protected by the zoning bylaw or that the harm cannot be proved. 81 Spooner Rd., LLC, 461 Mass. at 702; Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115 , 119- 120 (2011); Watros v. Greater Lynn Mental Health & Retardation Ass'n, Inc., 421 Mass. 106 , 111 (1995). Once rebutted, the plaintiffs have the burden to establish their standing. 81 Spooner Rd., LLC, 461 Mass. at 703 n.15. 





 Ms. Hoard and Mr. Barrett alleged as particular harms their concerns about noise and activity from HIITCore, especially given its hours of operations beginning at 5:30 am. Harms from noise are a particular injury to interests usually protected by zoning bylaws. See, e.g., Aiello v. Planning Bd. of Braintree, 91 Mass. App. Ct. 354 , 366 (2017) (protection from sounds as protected interest). Terron has rebutted the presumption of standing by presenting evidence that Ms. Hoard and Mr. Barrett will not be able to demonstrate their harms. This evidence is Ms. Hoard's and Mr. Barrett's own admissions that HIITCore's operations do not result in any noise or any detriment different than what other commercial operations at 180 Allen have produced. To their credit, Ms. Hoard and Mr. Barrett confirmed at the hearing on this motion that HIITCore's operation does not harm them. They can no longer, and do not, rely on this claim of harm for aggrievement. 





 Instead, Ms. Hoard and Mr. Barrett claim they are aggrieved by the Board's actions in approving the special permit. This is not a basis for standing. "An abstract interest in the enforcement of zoning laws is not sufficient" to establish standing. Denneny, 59 Mass. App. Ct. at 215. Thus, "establishing standing requires plaintiff to do more than merely allege a zoning violation." Murchison, 485 Mass. at 214. Accepting for argument their claim of error by the Board, Ms. Hoard and Mr. Barrett cannot claim to be aggrieved simply because the Board incorrectly interpreted the Braintree zoning bylaw.





 In short, Ms. Hoard and Mr. Barrett have admitted that they suffer no particular harm to an interest protected by the Braintree zoning bylaw from HIITCore. Their claims of harm by the permit itself are not ones that can form a basis for aggrievement. Because they are not aggrieved by the decision, their complaint must be dismissed. 





Conclusion 





 For the foregoing reasons, Defendant's Motion for Summary Judgment is ALLOWED. Judgment shall enter dismissing the Complaint without prejudice. 





 SO ORDERED 





FOOTNOTES
[Note 1] It is not clear from the record why the Plaintiffs' Opposition was docketed before the Defendant's Motion for Summary Judgment. 


 
 Home/Search 
 Land Cases by Docket Number
 Land Cases by Date 
 Land Cases by Name
 


 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.