NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-567

VALERIANO DIVIACCHI

vs.

BOARD OF APPEAL OF BOSTON & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case stems from the grant of certain zoning variances by the Boston zoning board of appeal (board) to Patrick McKenna, to add two new units to his three-family property in the Allston section of Boston.  The plaintiff, Valeriano Diviacchi, who owns property across the street and several lots away from McKenna's property, appealed from the board's decision to the Superior Court.  After hearing, a Superior Court judge determined that Diviacchi failed to demonstrate that he had standing to challenge the board's decision and dismissed his complaint.  See Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).  We affirm.

---

[1] Patrick McKenna and Peninsula Capital Group.

Discussion.  "We review the allowance of a motion to dismiss de novo."  Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011).  To survive a motion to dismiss, the complaint must include factual allegations sufficient "to raise a right to relief above the speculative level" (citation omitted).  Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).

The Boston zoning enabling act, St. 1956, c. 665, § 11, as amended through St. 1993, c. 461, § 2 (enabling act), confers standing on any person aggrieved by a decision of the board.  Epstein v. Board of Appeal of Boston, 77 Mass. App. Ct. 752, 756 (2010).  Contrary to Diviacchi's assertion, the definition of a "person aggrieved" under the enabling act is "subject to the same interpretation" as under G. L. c. 40A, § 17, concerning appeals from decisions by municipal boards of appeal.  Porter v. Board of Appeal of Boston, 99 Mass. App. Ct. 240, 241 (2021).  A plaintiff who is a "party in interest," meaning "the petitioner, abutters, owners of land directly opposite on any public or private street or way, and abutters to the abutters within three hundred feet of the property line of the petitioner," G. L. c. 40A, § 11, is entitled to a presumption of aggrievement.  Porter, supra.  Alternatively, demonstrating aggrievement requires a property owner to show a "specialized, cognizable injury not merely reflective of the concerns of the community"

2

(quotation and citation omitted).  Murrow v. Esh Circus Arts, LLC, 93 Mass. App. Ct. 233, 235 (2018).

Here, Diviacchi does not claim one of the enumerated criteria for a "party in interest."  Instead, contrary to clearly-established precedent, he asserts that he enjoyed a presumption of aggrievement because the board sent him a notice of the hearing pertaining to McKenna's request for variances. See Murrow, 93 Mass. App. Ct. at 235-236 (receipt of notice of public hearing did not qualify plaintiff as party in interest). Diviacchi's contention that he was a "person aggrieved" by the board's decision fares no better.  The amended complaint alleges that McKenna's zoning variances will diminish the neighborhood's "aesthetics and harmony" and aggravate existing neighborhood problems related to density, traffic, noise, loss of privacy, rats, trash, loss of parking, and reduction of market value. Diviacchi has not distinguished his claimed injuries from those that would be suffered by others in the neighborhood; indeed, he expressly alleges injuries that would be shared by others in the community.  We thus conclude that Diviacchi failed to establish

that he had standing to challenge the board's decision.  The complaint was properly dismissed.[2,3]

Judgment affirmed.

By the Court (Vuono,
  Brennan & D'Angelo, JJ.[4]),

Clerk

Entered:  March 10, 2025.

---

[2] To the extent that we do not address the remaining contentions, they "have not been overlooked.  We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).  Diviacchi's motion for us to take judicial notice of facts outside the record is denied.

[3] McKenna's request for an award of appellate costs and attorney's fees is denied.

[4] The panelists are listed in order of seniority.