NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1001

DUANE E. GALBI

<u>vs</u>.

ZONING BOARD OF APPEALS OF WAYLAND & another.[1]

<u>MEMORANDUM AND ORDER PURSUANT TO RULE 23.0</u>

This appeal stems from the decision of the zoning board of appeals of Wayland (board) to grant a variance allowing Cellco Partnership, doing business as Verizon Wireless (Cellco), to construct a communications cell tower in the town of Wayland. The plaintiff, who lives in Wayland within the residential zoning district in which Cellco intends to erect the proposed cell tower, sought judicial review of the board's decision in the Land Court.  See G. L. c. 40A, § 17, as amended through

---

[1] Cellco Partnership, doing business as Verizon Wireless. The zoning board of appeals of Wayland did not file a brief or otherwise participate in this appeal.

St. 2002, c. 393, § 2.[2]  The parties litigated the matter exhaustively.  For the purposes of this appeal, it is enough to say that in 2020, Cellco and the plaintiff cross-moved for summary judgment.  After conducting a hearing in January 2021 and considering the parties' robust briefing, the motion judge ruled that (1) the plaintiff lacked presumptive standing under G. L. c. 40A, § 11, and (2) the plaintiff failed to demonstrate his aggrievement based on loss of property value or negative health impacts occasioned by the project but (3) there remained a genuine issue of material fact as to the plaintiff's aggrievement based on the project's impact on the views from the plaintiff's property.[3]  Accordingly, the judge granted partial summary judgment in favor of Cellco.

In 2023, the case was tried before the same judge.  After trial, the judge issued a thoughtful and detailed memorandum of decision in which she found that the plaintiff had failed to establish standing based on the project's impact on his view and

---

[2] We cite to the version of the statute in effect at the time the plaintiff filed the complaint.

[3] The judge took a view of the plaintiff's property and the site of the proposed project in December 2022, in conjunction with a "crane test" conducted to represent the height of the proposed tower.  She took a second view in February 2023 without a crane test.

affirmed the board's grant of a variance.[4]  Judgment entered for the defendants and this appeal followed.  We affirm.

Discussion.  1.  Standing under G. L. c. 40A, § 17. Standing to challenge a local zoning board's decision is limited to "person[s] aggrieved" by the decision.  G. L. c. 40A, § 17. See Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721 (1996), quoting G. L. c. 40A, § 17.  "A 'person aggrieved' is one who 'suffers some infringement of his legal rights.'"  Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115, 117 (2011), quoting Marashlian, supra.  "The aggrievement must be more than 'minimal or slightly appreciable' . . . ." Murchison v. Zoning Bd. of Appeals of Sherborn, 485 Mass. 209, 213 (2020), quoting Kenner, supra at 120-121.  Additionally, the plaintiff must "establish -- by direct facts and not by speculative personal opinion -- that [the plaintiff's] injury is special and different from the concerns of the rest of the community."  Standerwick v. Zoning Bd. of Appeals of Andover,

---

[4] Although she noted that her ruling on standing was dispositive of the plaintiff's claims, the judge issued findings and conclusions on the merits of the plaintiff's arguments. Because we affirm the judge's determinations that the plaintiff failed to prove his standing to challenge the board's grant of the variance, we need not and do not reach the merits of the plaintiff's challenge, including claims alleging procedural errors in the board's decision and Cellco's application.

3

447 Mass. 20, 33 (2006), quoting Barvenik v. Aldermen of Newton, 33 Mass. App. Ct. 129, 132 (1992).

In addition to the requirement that the plaintiff demonstrate particularized harm to establish standing, the harm must be related to the "peculiar legal rights" that "were intended to be given to the plaintiff by the statute permitting an appeal" of the zoning decision (protected interests). Circle Lounge & Grille, Inc. v. Board of Appeal of Boston, 324 Mass. 427, 431 (1949). However, the existence of a protected interest cannot confer standing without evidence of harm particular to the plaintiff. Sweenie v. A.L. Prime Energy Consultants, 451 Mass. 539, 545 (2008). A bylaw may define a protected interest, but "[t]he language of a bylaw cannot be sufficient in itself to confer standing: the creation of a protected interest (by statute, ordinance, bylaw, or otherwise) cannot be conflated with the additional, individualized requirements that establish standing." Sweenie, supra. See Denneny v. Zoning Bd. of Appeals of Seekonk, 59 Mass. App. Ct. 208, 211 (2003) ("The claimed injury or loss must be personal to the plaintiff, not merely reflective of the concerns of the community").

2. Summary judgment ruling on standing. We first consider the plaintiff's challenges to the judge's treatment of his

arguments on summary judgment.[5]  These include one argument that

the judge appears to have rejected without comment --

aggrievement based solely on the board's issuance of a use

variance permitting an otherwise-prohibited use in the

residential zone where the plaintiff lives[6] -- and another that

the judge denied after providing a more detailed explanation --

aggrievement based on the alleged negative effects of the

project on property values in the plaintiff's neighborhood.

In analyzing the plaintiff's challenge to the rulings on

the parties' cross motions for summary judgment, we view the

record in the light most favorable to the plaintiff, as the

---

[5] The plaintiff does not argue in his brief that the judge
erred in concluding that he lacked presumptive standing under
G. L. c. 40A, § 11, to challenge the board's decision, or that
he failed to demonstrate aggrievement based on alleged negative
health effects caused by the project.  Accordingly, those
challenges are waived.  See Mass. R. A. P. 16 (a) (9) (A), as
appearing in 481 Mass. 1629-1630 (2019) ("The appellate court
need not pass upon questions or issues not argued in the
brief").

[6] The plaintiff's argument on this point was not fully
developed in his memorandum in opposition to Cellco's motion for
summary judgment or in his motion for summary judgment on
standing, which the judge deferred hearing due to the then-
upcoming trial.  Without a transcript of the 2021 summary
judgment hearing, we do not know whether the argument was made
to the motion judge, but we presume that the judge considered
and rejected it.  Regardless, we are in as good a position as
the motion judge to assess the merits of the plaintiff's summary
judgment arguments under our de novo standard of review.  See 81
Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461
Mass. 692, 699 (2012).

party against whom summary judgment entered, to determine whether there exists any genuine issue of material fact precluding the entry of judgment as a matter of law. See Marhefka v. Zoning Bd. of Appeals of Sutton, 79 Mass. App. Ct. 515, 516 (2011); Albahari v. Zoning Bd. of Appeals of Brewster, 76 Mass. App. Ct. 245, 248-249 (2010).

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and responses to requests for admission under [Mass. R. Civ. P. 36, 365 Mass. 795 (1974)], together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002). Having reviewed the parties' arguments de novo, see 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 699 (2012), we conclude that the plaintiff failed to demonstrate his standing based on the board's issuance of a use variance for a location "in the immediate vicinity" of his home or alternatively, on the loss of property value likely to result from the project.

a. "Use variance" theory of aggrievement. To the extent that the plaintiff made and preserved the arguments he raises on appeal that the standard for determining a party's standing to challenge a "use" variance differs from that applicable to the assessment of a party's standing to challenge a "dimensional" variance or special permit, see note 6, supra, we are not

6

persuaded.  A plaintiff seeking review of any decision of a zoning board of appeals under G. L. c. 40A, § 17, must demonstrate standing according to the principles we have outlined above.  See Stone v. Zoning Bd. of Appeals of Northborough, 496 Mass. 366, 373 (2025) (analyzing plaintiff's standing under G. L. c. 40A, § 17, to challenge use variance); Denneny, 59 Mass. App. Ct. at 211 (analyzing plaintiff's standing under G. L. c. 40A, § 17, to challenge special permit and setback variances).

We are thus unpersuaded that "owning and residing in property within the neighborhood of [a] use related exception" alone is sufficient to satisfy the requirement of particularized harm, even where a bylaw establishes a complete prohibition on certain uses in a zoning district -- as relevant here, a prohibition on the "use of a structure as a communication tower" in the residential district where the plaintiff owns property and lives.[7]  The precedent on which the plaintiff relies in his brief establishes that a protected interest may be "created and defined" by the language of a bylaw, but it does not support the view that the wording of a bylaw alone is a substitute for a showing of particularized harm.  Monks v. Zoning Bd. of Appeals

_____

[7] The plaintiff states this prohibition as a fact and Cellco has not disputed it.  We accept the plaintiff's representation.

7

of Plymouth, 37 Mass. App. Ct. 685, 688 (1994) (plaintiffs demonstrated standing "by establishing the direct visual effect of the proposed tower" on their home and neighborhood).  The plaintiff asks us to expand the concept of presumptive standing beyond its currently recognized boundaries.  See G. L. c. 40A, § 11; 81 Spooner Rd., LLC, 461 Mass. at 700.  We decline to do so.  The plaintiff cannot defeat summary judgment on standing simply by showing that the board granted a variance permitting an otherwise-prohibited use in the zoning district in which the plaintiff lives.  See Sweenie, 451 Mass. at 545.

b.  Aggrievement based on effect of project on property value.  "A claim of diminution of property values must be derivative of or related to cognizable interests protected by the applicable zoning scheme."  Standerwick, 447 Mass. at 31-32.  "Zoning legislation 'is not designed for the preservation of the economic value of property, except in so far as that end is served by making the community a safe and healthy place in which to live.'"  Kenner, 459 Mass. at 123, quoting Tranfaglia v. Building Comm'r of Winchester, 306 Mass. 495, 503-504 (1940).  Assuming without deciding that the language of the bylaws governing the two wireless communication overlay districts in Wayland creates a protected interest in property value for all

8

Wayland property owners,[8] the plaintiff has not proven aggrievement based on an infringement of that right because he has not demonstrated harm specific to his property.

We note at the outset that it is not clear whether the judge had any admissible evidence about the effects of the cell tower on the plaintiff's property value when she ruled on the parties' cross motions for summary judgment. Although our record includes the report of an appraiser, verified by the appraiser's affidavit and opining on the generally negative effect of the project on property values "in close proximity to, or with views of" the project, the docket reflects that the copy of the report submitted with the motion papers was accompanied by the affidavit of someone other than the report's author and

---

[8] Neither the plaintiff's property nor the proposed tower is within the boundaries of either overlay district. Applying the usual rules of statutory construction to the bylaws establishing the overlay districts, see Shirley Wayside Ltd. Partnership v. Board of Appeals of Shirley, 461 Mass. 469, 477 (2012), we conclude that the use restrictions adopted for the overlay districts, as in effect during the relevant time, apply only to the areas comprising those districts. See §§ 198-1502 to 198-1503, and 198-1551 of the Zoning Bylaw of the Town of Wayland. To the extent that the judge's thoughtful posttrial findings suggest that she might have concluded otherwise, that conclusion is not binding on us in light of our standard of review. See 81 Spooner Rd., LLC, 461 Mass. at 699.

Moreover, as we have discussed, even if the bylaws applicable to the overlay districts created a protected interest in property values or views applicable to properties outside the overlay district, the plaintiff was nonetheless required to demonstrate particularized harm. See Sweenie, 451 Mass. at 545.

9

that the judge therefore deemed it inadmissible.  If so, the judge did not err, see Mass. R. Civ. P. 56 (c), and there was no admissible evidence to support this facet of the plaintiff's argument.  Even if the report were properly supported, as the copy in our record appears to be, it would not be adequate to defeat summary judgment here, because it does not include evidence of the effects of the project on the value of the plaintiff's property, specifically.  See, e.g., Murchison, 485 Mass. at 214 ("Standing as an 'aggrieved' person requires evidence of an injury particular to the plaintiffs, as opposed to the neighborhood in general").

3.  Trial on standing based on views.  In her memorandum of decision after trial on the plaintiff's remaining claim to standing, the judge concluded that the protected interest in "minimizing the view impacts of wireless communications facilities," created by language in the bylaws establishing Wayland's wireless communication overlay districts, "extended to all Town districts" and was not limited to the area comprising the two overlay districts, such that the interest could apply to the plaintiff's property.  However, the judge subsequently determined that the effect of the project on the plaintiff's views was both "de minimis" and not particular to the plaintiff. See Kenner, 459 Mass. at 120-121 (plaintiff's burden to show "particularized injury" as result of alleged zoning infraction;

10

"[a]ggrievement requires a showing of more than minimal or slightly appreciable harm").  We review the judge's factual findings on these questions for clear error and consider any legal questions de novo.  See Shirley Wayside Ltd. Partnership v. Board of Appeals of Shirley, 461 Mass. 469, 475 (2012).  Having done so, we see no reason to disturb the judgment.

To the extent that the judge's finding that "[n]o admissible evidence was introduced regarding the distance between [the plaintiff's] property and the site of the proposed Project" was clearly erroneous,[9] we discern no resulting prejudice.  The judge's determination that the visual effects of the proposed project were too minimal to confer standing rested on observations the judge made in the course of the two views she took of the area, the results of a "crane test" conducted during one of those views, photo simulations, and additional documentary and photographic evidence.  See Kenner, 459 Mass. at 123; Talmo v. Zoning Bd. of Appeals of Framingham, 93 Mass. App. Ct. 626, 629-630 & n.5 (2018).  We are confident that nothing in the judge's decision turned on the precise distance between the proposed tower and the lot line for the plaintiff's property and

_____

[9] At trial, the plaintiff cross-examined an engineer for the project about a property plan introduced as exhibit 12, which depicted a 900-foot radius from the project site intersecting the plaintiff's property.  The engineer expressed doubt that distances could be calculated using that exhibit.

11

that her determination that the visual impact of the project on the plaintiff's property was "de minimis" was well supported.[10]

The plaintiff's challenge to the judge's finding that "[t]he height at which the proposed cell tower would protrude above the treetops is . . . unknown," is, at bottom, a disagreement with the judge's assessment of the weight and credibility of the trial evidence.  The same is true for the plaintiff's objections to the judge's reliance on the testimony of an engineer who testified on behalf of the defendants.  We defer to the judge on those matters.  See Johnston v. Johnston, 38 Mass. App. Ct. 531, 536 (1995).

Similarly, where the judge found that much of the proposed tower would be screened by existing trees, we presume that she was aware of the possibility that some or all of those trees might fall or be removed in the future.  We discern no clear error in her assessment of the current state of the plaintiff's views and consider any prospect of future change to be speculative on this record.  See Marashlian, 421 Mass. at 721 ("injury must be more than speculative").  For the same reason,

--------

[10] Additionally, as we have explained, because the mere fact of a bylaw violation does not establish standing, even if the judge had found that the project was within 900 feet of the plaintiff's lot line, the plaintiff's claim would still have failed based on the judge's finding that the project's effect would be de minimis.  See Sweenie, 451 Mass. at 545.

12

we find the plaintiff's arguments about the potential for future changes to the height of the proposed tower unpersuasive.

Conclusion.  Partial summary judgment was properly granted in favor of Cellco on the issue of the plaintiff's standing, and the judge made no reversible error in her decision on the plaintiff's remaining standing argument after trial.

Judgments affirmed.

By the Court (Hand, Hodgens & Tan, JJ.[11]),

*Paul Little*

Clerk

Entered:  January 22, 2026.

---

[11] The panelists are listed in order of seniority.

13